## Cobb, adm'x &c., *vs.* Harmon and Warfield.

Where proceedings are instituted before a county judge, against a judgment debtor, under the "Act to abolish imprisonment for debt," and to avoid a commitment, for fraud, the debtor executes a bond, with two sureties, conditioned that he will, within thirty days, "apply for an assignment of all his property, and for a discharge as provided in the 12th section of the said act," and "diligently prosecute the same until he shall obtain his discharge ;" and the judgment debtor accordingly makes an application to the county judge of the county in which he resides, and on the day fixed for the hearing, the county judge is absent from the county and disabled, by sickness, from hearing it, the obligors in the bond are not thereby excused from performing their obligation and discharged from liability thereon.

If, after an application has been made to the county judge of a particular county, it is found that such judge cannot entertain it, within the 30 days, and grant the discharge, the judgment debtor is bound to continue the proceedings before some other officer, if any one can be substituted, in time.

Under such circumstances, the county judge of an adjoining county can be procured to attend at the time and place specified in the notice, and continue the proceedings, in the same manner and to the same effect as if they had been commenced before him. And it is the duty of the judgment debtor to procure such attendance, and to prosecute the proceedings before the substituted judge.

THE plaintiff's intestate, C. Cobb, instituted proceedings against James Herrick, before John M. Bradford, county judge of Ontario, in pursuance of the act of 1831, "to abolish imprisonment for debt." To avoid a commitment, Herrick and the two appellants as his sureties, executed the bond set out in the complaint, dated 15th September, 1856, and conditioned that Herrick should, "within the thirty days from the date thereof, apply for an assignment of all his property, and for a discharge as provided in the 12th section of said act, and diligently prosecute the same" until he should obtain such discharge. This action was brought upon that bond. The action was referred to O. H. Palmer, Esq. as sole referee. On the trial before him, the following facts were proved, and the referee found and adjudged the same to be true : 1. That on the 27th day of August, 1856, Crittenden Cobb, the plaintiff's intestate, recovered a judgment in the supreme court against

Cobb *v.* Harmon.

the defendant James Herrick, for $1077.43 damages and costs, which was docketed in the clerk's office of Niagara county, and a transcript of which was filed, and the judgment docketed, in the clerk's office of Ontario county, on the 28th of August, 1856. 2. That on the 12th day of September, 1856, .Cobb made application to the county judge of Ontario county, upon affidavit, in pursuance of the act entitled "An act to abolish imprisonment for debt, and to punish fraudulent debtors," passed April 26, 1831, for a warrant to arrest said Herrick, and such application was granted and warrant issued to the sheriff of the county of Ontario, in which county Herrick then resided, and Herrick was arrested by virtue of said warrant and taken before said county judge on the 15th day of September, 1856. 3. That such proceedings were had before said county judge that he was satisfied that the allegations in the complaint made before him were substantiated, and that Herrick had unjustly refused to apply to the payment of said judgment, property and rights of action which said Herrick had, and did thereupon decide to make an order committing said Herrick pursuant to said act. 4. That to avoid such commitment, Herrick, and the defendants Harmon and Warfield as his sureties, on said 15th day of September, 1856, executed the bond set out in the complaint and on which this action is brought, and Herrick was thereupon discharged from arrest. 5. That Herrick, in pursuance of the provisions of said act, caused to.be drawn, in due form, a petition for an assignment of all his property, and for his discharge, addressed to the said county judge, and also an alleged account of his creditors, and an alleged inventory of his estate, and annexed to said petition, account and inventory, an affidavit as required by section 13 of said act; and on the 22d day of September, 1856, he duly took and subscribed said affidavit, before said county judge, and at least fourteen days prior to the 11th day of October, 1856, he caused a notice that such petition would be presented to said county judge at his office in Geneva, on said 11th day of October, 1856, at 10 o'clock A. M., together

with a copy of such petition and of said account and inventory thereto annexed, to be duly served personally on said Crittenden Cobb, as required by the provisions of section 14 of said act. 6. That on the 4th day of October, 1856, said Crittenden Cobb died; and on the 7th day of the same month, the plaintiff was appointed administratrix of his personal estate. 7. That on the 11th day of October, 1856, Herrick, with his counsel, appeared at the office of said county judge in Geneva at the hour specified in said notice, for the purpose of presenting the said petition to said judge, and delivering such account and inventory, and prosecuting the proceedings on said petition, and prepared to do so in good faith, and that the attorney of the prosecuting creditor was also at the office of said judge at the same time, to look after the plaintiff's interests in the matter; but that the said judge was not in the county, and was sick, so as to be unfit to discharge the duties of his office, and continued unfit until after this suit was commenced, and Herrick did not further prosecute his application before said judge. 8. That no judge of the supreme court resided in Ontario county, in the year 1856. 9. That this action was commenced on the 31st day of October, 1856. 10. That in January, 1857, upon the coming in of the new county judge of Ontario county, a new notice was served upon the plaintiff, as administratrix of Cobb, of an application for a discharge of Herrick upon the former petition of said Herrick; that in pursuance of that notice the administratrix appeared before said judge, but Herrick failed to appear, and no application or order was made in the premises, and the proceedings were not continued. The aforesaid facts being proved, the plaintiff's counsel insisted, and the referee found and held and decided, that Herrick did not diligently prosecute his application for an assignment and discharge. The referee also held and decided as matter of law, that the plaintiff by reason of the premises was entitled to judgment in this action against the defendants for $1230.17, besides costs. And from the judg-

ment entered upon his report, the defendants Harmon and Warfield appealed.

*James C. Smith,* for the appellants.

*Wood & Murray,* for the plaintiff.

*By the Court,* E. DARWIN SMITH, J. When the hearing, before the officer before whom the proceedings under the non-imprisonment act against the defendant Herrick had been instituted, was concluded, by his decision convicting Herrick of fraud, and he had taken from the defendants the bond upon which this action is brought, the jurisdiction of the officer was at an end. There was no longer any *lis pendens* before him— nothing to abate by the death of the plaintiff's intestate. From that time the defendant Herrick and his sureties, if they wished to avoid the bond then and there executed to procure the discharge of Herrick from imprisonment, became the *actors.* It was for the defendant Herrick, within thirty days, to apply for an assignment of his property and for his discharge, as provided in the act. He made his application, in due time, to the county judge of Ontario, the county of his residence, and at the day fixed for the hearing, the county judge was absent from the county and disabled by sickness from hearing it, and the proceeding therefore became discontinued. And it is now claimed by the counsel for the defendants, that Herrick being then a resident of Ontario county, the county judge of that county was the only officer to whom the application for his discharge according to the provisions of said act could properly have been made, and that such county judge· being entirely incapable of hearing and granting such application on the day fixed for that purpose, it became *impossible* for the defendants to perform the obligation of the bond, and that they are therefore excused from such performance, and discharged from all liability thereon. This question has been so fully examined, in the opinion of the learned referee who

tried the cause, that I should have felt entirely satisfied to affirm the judgment upon the views so well expressed in his opinion; but the case has been argued here with so much earnestness and ability, and we have been presented with a brief of counsel so elaborately prepared, that I have deemed it my duty to examine the case, as I have done, with particular care. If the obligation of the defendants were to be regarded as an ordinary contract voluntarily entered into, it would hardly be contended, I presume, that any mistake or misfortune, or inevitable accident or unforeseen impediment, would discharge the defendants from their duty; because, in such cases, they might have provided against these contingencies in the contract. It is only when the *law* creates or casts the duty, that the party may be excused from compliance, when he is disabled from performing it, without any fault on his part, by the act of God or of the law, rendering performance impossible. (*Beebe* v. *Johnson,* 19 *Wend.* 500. *Harmony* v. *Bingham,* 2 *Kernan,* 99. 1 *id.* 25.)

The bond given in this case was one prescribed and required by law; and I think it should be governed by the same rules of responsibility which apply to special bail. It is like the bond to the sheriff on a *capias ad respondendum,* or the obligation assumed by special bail. It is a bond given to procure the discharge of a party from imprisonment, given and executed under and in pursuance of the requirement of the law. In this view of the obligation incurred by these defendants, if it clearly appeared that the law had rendered compliance with the obligation of the bond *impossible,* I think the defendants should be excused from such performance. By the original section 12 of the act to abolish imprisonment for debt, the application which the defendant Herrick was bound to make might have been made to a justice of the supreme court, a circuit judge, any judge of the county court, or a supreme court commissioner in the county in which such defendant resided or was imprisoned. From the whole statute, and the several provisions of the revised statutes therein referred to, and from

Cobb *v.* Harmon.

the obvious implications and policy of the act, I think the limitation, applied apparently to the supreme court commissioner in said section, as the same is punctuated in the original act as printed in the session laws of 1831, was intended to apply to all the officers named in the act, and that the punctuation is erroneous—the mistake, probably, of the printer or copyist. I can see no object in applying the limitation to a supreme court commissioner that would not apply to either of the five county judges in each county, composing the county courts under the constitution then existing, or even to the circuit judge or justices of this court. It could hardly have been the intention of the legislature to allow these applications to be made to a justice of this court or a circuit judge, at the option of the applicant, in any part of the state. I think, therefore, that the county judge of Ontario, (no justice of this court residing in the county,) was the only proper officer to whom this application could have been made at the time while the defendant Herrick continued to reside in that county. But if it could not be granted in Ontario county, for any reason, I have no doubt that Herrick was bound to remove into some other county, if necessary to confer jurisdiction upon some other officer. (*Beebe* v. *Johnson,* 19 *Wend.* 500.) But the application having been made to the county judge of Ontario county, when it was found that he could not entertain it within the thirty days and grant the discharge, the defendant Herrick was still bound to continue the proceeding before some other officer, if any one could in time have been substituted in his place. By section 19 of the original act to abolish imprisonment for debt, the general provisions applicable to the proceedings under the several articles of title first, part 2d of the revised statutes, which are contained in the seventh article of said title, were made applicable to the proceedings under said act, " so far as the same is not inconsistent with the provisions thereof." Sections 4, 5 and 6 of the said seventh article contain general provisions applicable to the proceedings under the several articles of said title first of chapter five, referred to ;

Cobb *v.* Harmon.

and these provisions of said sections 4, 5 and 6, were all designed to provide against the failure of proceedings under any of the articles of said title by reason of the non-residence of the proper officer in any county, or by reason of the death, sickness, resignation, removal from office, absence from the county, or other disability of any officer before whom any proceedings may have been commenced under either of the articles of said title.

By section six it is provided that if there be no officer in any county competent to continue proceedings commenced by any officer in the cases specified in either of said articles, then any judge of the county courts may attend at the time and place appointed for the hearing of the matter, and adjourn the same to the next court of common pleas to be held in and for said county in which such hearing was appointed; which court shall proceed therein in the same manner and with the like authority as the officer who commenced such proceedings. .

If these proceedings are applicable, then any judge of the court of sessions, which is the only county court now existing composed of several judges, might have attended at the time and place fixed for the defendant Herrick to make his application, and adjourned the hearing thereof. But if these proceedings are not applicable to the case—and I do not think they are—then section 58 of chapter 3, part 3, article second, (2 *R. S.* 284, 3*d* ed.) referred to by the referee, is applicable,(*a*) for the reason therein expressed, that "no express provision

(*a*) By that section it is enacted that " in case of the death, sickness, resignation, removal from office, absence from the county of his residence, or other disability of any officer before whom any special proceedings authorized by any statute may have been commenced and where no express provision is made by law for the continuance of such proceedings, the same may be continued by the successor in office of such officer, or by any other officer in the same county who might have originally instituted such proceedings ; *or if there be no such officer in the same county, then by the nearest public officer in any other county who might have originally had jurisdiction of the subject matter of such proceeding, if such matter had occurred or existed in his own county.*" (*Also see* §§ 59, 60.)

is made by law for the continuance of such proceedings."
Under this section, there being no officer residing in Ontario
county authorized to continue said proceedings, the county
judge of Seneca county, or of Yates or Wayne, as the case
may be, could have been procured to attend at the time and
place specified in the notice, and continue said proceed-
ings, in the same manner and to the same effect as if such
proceedings had been commenced before him.   This is a gen-
eral statute, of universal applicability to all cases where, for
want of any express provision to continue any special proceed-
ing, there would otherwise be a failure of such proceeding.   It
was the duty of Herrick to procure such attendance and sub-
stitution.

The day fixed for the hearing before the county judge of
Ontario was October 11th.   The bond is dated September 15th,
1856.   Herrick then had, inclusive of the 11th day of Octo-
ber, five days in which to get his application legally before, or
transferred to, some other proper officer.   By section 53 of
said last mentioned chapter, notice for such time and place
out of the county as the substituted officer should think fit,
might have been given, and the application could have been
duly made within the thirty days.   It was not essential that
the discharge should be obtained within the thirty days.   Her-
rick was to "*apply* within the thirty days," and "diligently
prosecute until he obtained the discharge."   But if, by reason
of the delay of Herrick in giving notice of his application till
a late day of the thirty days, his proceedings failed, that would
be his fault, and he would have no excuse in law.   He was
bound to foresee and provide against the very contingency
which did happen, and avoid it by his diligence in making
his application.   It was not *impossible* for him to have made
his application within the thirty days.   It will hardly do to
say that the inability of one officer in the state to entertain
the application creates an impossibility in law, when ample
provision is made for such contingency.   Herrick undertook to
make the application within the thirty days.   He was bound

to see, at his peril, that he made it in a proper and efficient manner, so that no mistake or accident could intervene to prevent its being effectual to enable him to fulfill his obligation and discharge his bond. We think the referee rightly disposed of the case, and upon proper grounds, and that the judgment should be affirmed.

Judgment affirmed.

[CAYUGA GENERAL TERM, June 6, 1859. *T. R. Strong, Johnson* and *Smith*, Justices.]