PIERCE v. HARDEE *et al.*, appellants.

*Replevin — undertaking in — failure to prosecute.*

H., by process issued by a justice of the peace, replevied property in the possession of plaintiff, giving the bond prescribed by statute for the prosecution of the action, return of the property, etc. Upon the return day of the process the parties were present at the office of the justice, but the justice was absent, and the suit was no further prosecuted.

In an action upon the undertaking, *held*, that the replevin suit was prosecuted as far as the plaintiff therein was able to prosecute, and the abatement of the suit by reason of the absence of the justice was not a breach of the condition in the undertaking to prosecute.

THIS action was brought in a justice's court, upon an undertaking given in a former action of replevin commenced in such court. The undertaking was in the form prescribed by the statute for the prosecution of the action, the return of the property, if return should be adjudged, and the payment of any sum which should be adjudged to the defendant in such action.

The property was taken in the replevin action and delivered to the plaintiff, but on the return day of the summons the justice of the peace before whom the suit was instituted was absent from home and his office, and the suit was not for that reason further prosecuted. This action was then brought by the plaintiff in this action, who was the defendant in the replevin suit, upon the undertaking given by the defendant in this suit in that action. On the trial of this action it appeared that both the plaintiff and defendant and constable who served the summons and took the property, appeared on the return day of the summons at the justice's office, at the time specified for its return in said summons, but that the justice did not appear, but was then absent from home, and the parties left and the suit went down. No other breach of the undertaking was alleged, except the failure to prosecute the action. Judgment was rendered by the justice in this action for the value of the property taken, which judgment was affirmed by the county court of Jefferson county upon appeal to that court, and the defendant has duly appealed to this court from such judgment.

*J. M. McCartin*, for appellants.

*Wayland & Ford*, for respondent.

E. D. SMITH, J. The judgment rendered in this action I think erroneous. No breach of the undertaking was proved. The failure of the plaintiff to prosecute said action was without his fault. He was guilty of no neglect or of the omission of any duty in the prose- . cution of such action. He attended at the time and place fixed in the summons for the appearance of the parties, ready to proceed in this action, and no justice appeared, and the suit went down for that reason just as effectually as it would have abated by his death, or that of the justice or of the defendant. He did prosecute the suit to effect as far as the law would allow. It was impossible for him to do any thing further in the suit. There was, as there could be, no judgment of nonsuit, discontinuance, or for the return of the property, and the defendant was doubtless remitted to his remedy for the return of his property to his legal right, entirely independent of this action. He could have demanded the return of the property, and sued for it if not returned (*Buckley* v. *Lace*, 6 Hill, 560; *Yates* v. *Fassett*, 5 Denio, 21), but could maintain no action on the undertaking. The plaintiff acquired only a possessory right to the property by the taking and delivery of it to him under the replevin proceedings. This right expired when the suit went down. The case is quite like that of *Cobb* v. *Harmon*, 29 Barb. 472, and same case in 23 N. Y. 148. In that case one Herrick and others were sued upon a bond conditioned that said Herrick would apply for an assignment of his property within thirty days, and for a discharge under the non-imprisonment act of 1831.

Herrick took the requisite steps, by making service of his petition, inventory and notice of application before the county judge of Ontario, at a proper time therein specified. On the day fixed in the notice he appeared with his counsel at the office of the county judge, ready to prosecute the said application. The county judge was not in the county but was absent, and was in a state of mental and physical disability from intoxication to discharge the duties of his office. It was held at general term of this court, in the seventh district, in the opinion written by me, that it being impossible for Herrick to procure his discharge from such county judge he should be excused from performance of said bond, if he could not have otherwise obtained said discharge by application to another officer, and he was held not discharged solely on the ground that he could have applied to and obtained such discharge from any county judge of any county adjoining Ontario.

In the court of appeals the judgment was affirmed, two judges, LOTT and JAMES, holding, besides the ground upon which the case was put at general term, that there was a breach of the bond .upon the same ground upon which the judgment must have been rendered and affirmed in this action, according to the rule asserted in *Harmony* v. *Bigham*, 12 N. Y. 99; but Judges COMSTOCK, DENIO and HOYT concurred in the affirmance, upon the ground upon which the case was put and decided at the general term. Not agreeing, as the reporter states the decision, "that the bond was forfeited had there been a failure in the legal arrangements or officer necessary to enable the debtor to prosecute his application," Judges SELDEN and DAVIES dissented, and Judge MASON expressed no opinion.

The dissent of Judges SELDEN and DAVIES must have been upon the opinion that there could have been no recovery on the bond upon either ground discussed in the opinion of Judge LOTT. So that a majority of that court must practically have concurred in this opinion, that the bond was not forfeited by the omission of Herrick to obtain the discharge, if such omission was the unavoidable result of a failure in the legal arrangement or officer necessary to enable the debtor to prosecute his application to effect. Such a failure occurred in this case. There is no provision of law that has been cited to us, that I am aware of, that enables another officer to take the place of a justice of the peace in his absence from his office, and to discharge his judicial duties.

In principle, I think the case of *Cobb* v. *Harmon* decisive of this case.

The judgment of the county court and that of the justice should therefore be reversed.

*Judgment reversed.*