### MILLSPAUGH and others *vs.* MITCHELL.

A person who innocently purchases property from one having no right to sell it, supposing he shall acquire a good title to it, cannot be subjected to an action in favor of the true owner, until he has had an opportunity to restore the property.

But to bring a person within this principle it must appear that he obtained possession of the property by delivery, and without any fault on his part; or that he was an innocent purchaser.

Where property belonging to a judgment debtor, was sold by him to the plaintiffs on the 26th of March, who took possession and retained it until the 26th of May thereafter, when it was sold upon an execution issued against the vendor *some time in March*, returnable in 60 days, and the execution was not produced upon the trial, and there was no proof showing at what time the levy was actually made; *Held*, that the court would not presume a levy made upon the property, previous to the sale to the plaintiffs.

Since the adoption of the provision in the revised statutes which secures the title of a purchaser in good faith, acquired prior to an actual levy, (2 *R. S.* 289, § 17,) something more than a mere presumption will be required, to defeat the title obtained from a judgment debtor during the lifetime of an execution against him, and within a few days after it was placed in the sheriff's hands.

THIS was an appeal by the plaintiffs from a judgment entered upon the report of a referee. The facts are stated in the opinion of the court.

*John J. Monell,* for the plaintiffs.

*Wm. Fullerton,* for the defendants.

*By the Court,* BROWN, J.   This is an action of replevin in the cepit, for a horse, and was pending when the code of procedure took effect.   It was tried before a referee, who made a report in favor of the defendant.   And it comes before the court, at the general term, upon an appeal by the plaintiff, with a view to set aside the report, and for a new trial.

By the evidence taken in the cause, and such also is the judgment of the referee, it appears the horse originally belonged to one Jacob D. Millspaugh, who sold it for a valuable consideration to the plaintiffs, Josiah Millspaugh and James Van Keuren, on the 26th of March, 1848.   They immediately took possession, and retained it until the 26th of May thereafter, when the property was sold by the deputy sheriff of the county of Ulster, and delivered to the defendant.   An execution issued out of the supreme court in favor of one Harry Terboss, against Jacob D. Millspaugh, James Rosa, and the defendant James N. Mitchell, returnable in 60 days, was put into the hands of the deputy sheriff some time in March, 1848.   The execution was not produced upon the trial.   And although Jordan, the officer, was examined as a witness for the defendant, no proof was given of any actual levy previous to the time of the sale and delivery to the defendant.   Jordan and Mitchell were both present at the sheriff's sale, which was forbidden at the time by one of the plaintiffs, in their presence.   And when the property was struck off and delivered to the defendant, he was forbidden by one of the plaintiffs to take it away, which he did notwithstanding.

Two questions were made upon the argument.   First, whether replevin in the cepit would lie.   Second, whether the law will presume that the sheriff made a levy under the execution previous to the sale to the plaintiffs, so as to defeat their title.

As a general rule, neither trespass nor replevin in the cepit

would lie against one who came to the possession of the goods by delivery and without any fault on his part, although it may be that the person who made the delivery had no title, and was a wrongdoer.   A man who innocently purchases property supposing he shall acquire a good title, ought not to be subjected to an action until he has had an opportunity to restore the property to the true owner.   This is the sum of many authorities quoted in the case of *Barrett* v. *Warren,* (3 *Hill,* 348.) To bring the defendant within the principle of these cases, it must appear that he obtained the possession of the horse by delivery, and without any fault on his part; or that he was an innocent purchaser.   With the facts before us, that he purchased upon an execution issued against his own property to collect a debt which he was himself liable to pay; that he took the property from the premises of the plaintiffs, who forbade the sale, and forbade him to remove it; it is impossible to say he obtained it from Jordan without fault, or that he was an innocent purchaser.   Unless there was a previous levy, and the property deemed to be in the custody of the law, Jordan and Mitchell were both trespassers, in the strictest sense of the word.   The question whether the action should have been in the cepit or in the detinet, has ceased to be of any consequence.   The 167th section of the code is made applicable to existing suits.   And if the evidence is such as to entitle the plaintiff to the property, the form of the action is altogether immaterial.

The execution, however, came to the hands of the sheriff in March; and if there was an actual levy, or if the law will presume a levy, before the sale to the plaintiffs on the 26th of March, then the report of the referee must stand.   The law will make every reasonable intendment in favor of a public officer. His own entry upon the execution, of a levy being made, will be taken as evidence of that fact; for in many cases it would be impossible to establish it by proof aliunde.   The rule is that when a person is required to do an act, the omission of which would make him guilty of culpable neglect of duty, it will be intended that he has duly performed it, until the contrary ap-

pears. But the circumstances must be such as will afford a fair and reasonable presumption that the levy has been made, or the act, whatever it may be, done. (19 *John. Rep.* 345, *and the cases there collected.*)

In the present case the execution was returnable in sixty days, and was placed in the sheriff's hands in March, 1848. The sale to the plaintiffs took place on the 26th of the same month. It is quite clear that the sheriff's omission to make the levy, intermediate the time he received the execution and the time of the sale to the plaintiffs, in the absence of all special directions, would not have been such a culpable neglect of duty as would entitle him to the benefit of the presumption. Nor are the circumstances such as afford a fair ground for such presumption. The execution was not produced upon the trial, nor its absence accounted for. The officer who made the levy, if any was made, was himself sworn upon the trial, and no evidence was given of the levy. He received the execution in March, and made his sale on the 26th of May thereafter. And no proof was offered to show that he ever went near the property, or intimated to the persons who had it in possession that he claimed it under the execution. Since the adoption of that provision in the revised statutes which secures the title of a purchaser in good faith, acquired prior to an actual levy, (2 *R. S.* 289, § 17,) something more than a mere presumption will be required to defeat a title obtained during the lifetime of an execution, and within a few days after it was placed in the sheriff's hands.

We think the referee erred upon both points; and his report and the judgment thereupon entered must be set aside, and there must be a trial at the circuit, with costs to abide the event.