# NEW YORK COMMON PLEAS.

## EDWARD J. POWERS agt. ABRAM BASSFORD.

Where in an action to recover the value of personal property, which has come to the defendant's possession lawfully, to entitle the plaintiff to recover, it is necessary for him to show *affirmatively* a *demand* of it *before suit brought*, and a *refusal to deliver*, or that the defendant has so disposed of it, that it is not in his power to deliver it.

*New York General Term, July,* 1859.

DALY, BRADY *and* HILTON, *Judges.*

APPEAL from a judgment at special term.

By the court—HILTON, Judge. The plaintiff sued to recover the value of an abstract of title, and a map of certain premises in New Jersey, loaned by him to the defendant, and alleged to have been converted.

As the property came lawfully into the defendant's possession, to entitle the plaintiff to recover, it was necessary for him to show affirmatively a demand of it before suit brought and a refusal to deliver, or that the defendant had so disposed of the property, that it was not in his power to deliver it. (*Graham's Practice,* 89 ; *Laplae*r agt. *Anpoix,* 1 *John. Cases,* 406 ; *Storm* agt. *Livingston,* 6 *John. R.,* 44 ; 3 *Black. Com.,* 152.)

This was not done. The testimony was merely that he had demanded the map and abstract several times, and each time the defendant said he would get them for him.

Whether these demands were before or after suit brought did not appear, and as a demand and refusal even is no evidence where it is apparent the defendant has made no conversion, (*Bullers Nisi Prius,* 44,) I think the production and delivery of the abstract at the trial, warranted the justice in assuming that the demand was made subsequent to the commencement of the action, and that in

respect to the abstract, the evidence of conversion by the defendant was insufficient.    In the language of Justice BLACKSTONE, *Supra*, the "*conversion must be fully proved.*"

As to the map, the testimony showed that it would not have any value except to the owner of the land delineated upon it, and as it was not shown that the plaintiff was such owner, the justice very properly awarded him nothing for it.   (*Donohue* agt. *Henry*, 4 *E. D. Smith*, 162.)

Instead of a judgment in favor of the plaintiff, for nominal damages, had it been for the defendant generally, I think the evidence would not justify our disturbing it.

Judgment affirmed.