SARAH C. TURNER, RESPONDENT, v. JAMES BROWN, APPELLLANT.

*Personal property — title to — possession of, by husband and wife — delivery — trespass — conversion.*

Where personal property, consisting of articles of furniture, is in the possession of a husband and wife, being used in rooms occupied by them, the possession is, presumptively, that of the husband. This presumption may, however, be rebutted by proof of conversations between them, in which the husband admitted that the property belonged to his wife, and that he stood silently by when she asserted title thereto.

Amanda T. was the owner of certain articles of furniture, situated in two rooms occupied by herself and her husband. While lying in bed, and when *in extremis*, she called the plaintiff, and, after giving directions as to the disposition of certain articles, said: "All the rest of my things I give to you. * * * I want you to take all the things and use them," and made other declarations to the same effect. The declarations were made in the morning, and the donor died in the afternoon. All the articles remained in use in the rooms, as before the declaration, until several months after the death of the donor. *Held*, that there was no valid gift, as there was no sufficient delivery of the property.

Delivery must be made according to the nature of the subject of the gift, and not according to the capability of the donor.

Property may be well delivered, when in a house or room, or in a desk or trunk, by the delivery of the key, with intent to surrender its possession and control; or by any *act* amounting to a surrender to another of its dominion and custody.

Where a husband, having a watch in his custody and possession, hands the same to a third person to be delivered to the wife of the giver, such third person is not liable to the true owner of the watch, in an action, *de bonis asportatis*, for delivering the same to the wife.

*Semble*, that such delivery of the watch, made in pursuance of the trust committed to him, will not constitute a conversion thereof.

MOTION for a new trial, on exceptions, ordered to be heard in the first instance at the General Term.

The action was commenced to recover the value of a watch, and certain items of furniture alleged to have been converted by the defendant. The plaintiff claimed title to the watch, as a gift from one Holland Turner, who she permitted, after the gift, to carry the watch. He died October 25th, 1869. She claimed title to the balance of the property, as a gift by Amanda Turner, made on her death-bed, March 4th, 1868.

Holland Turner, and Amanda, his wife, long lived together,

and boarded with the plaintiff's husband, having the exclusive use of the rooms they occupied. The furniture in these rooms belonged either to Holland Turner or to his wife, evidence being given, on the part of the plaintiff, to show that it belonged to the wife, while the defendant claimed that it belonged to the husband.

The plaintiff testified, that early in the morning of March fourth, Mrs. Amanda Turner called her to her bed-side, and there anticipating death, gave directions disposing of her clothing, etc.; that she was directed to bring, and brought two articles from a closet to her bed, and that the rest all remained as before; that after directing special gifts, she told the plaintiff that all the rest was hers; that she carried away the two articles before Amanda died, and put them up stairs, and took the bed, on which the old lady died, and a few of the articles up stairs, the morning after the death, and left the rest for Holland's use. She died at three P. M., the day of the alleged gift.

Some months after her death the furniture was removed by Holland Turner, with the assistance of the defendant, to other rooms then occupied by him. Holland married again, and while sick, handed the watch to the defendant, and asked him to deliver it to his wife, which defendant accordingly did. The defendant is the executor of Holland Turner.

*Isaac S. Newton*, for the appellant.

*H. C. Miner*, for the respondent.

BOOKES, J. :

This case comes before the court on a motion for a new trial, on a case and exceptions, ordered to be heard in the first instance at General Term.

The jury rendered a verdict, at the Circuit, against the defendant for $159.94, for unlawfully taking and carrying away a gold watch and other personal property, charged to have been the property of the plaintiff, and converting the same to his own use.

The plaintiff claimed title to the property under alleged gifts — the watch as a gift from one Holland Turner; and the other property, consisting of household furniture, beds, bedding, etc., as a

gift from his wife. The case, as regards the latter property, differs from that relating to the watch in nearly all its material features. The plaintiff's right to recover for the property, other than the watch, will be first considered.

This property was claimed to have belonged originally to Mrs. Turner, the wife of Holland Turner; and the plaintiff based her title thereto on an alleged gift from Mrs. Turner. The sufficiency of the proof to show a right of recovery is challenged on every point. The original ownership by Mrs. Turner is questioned; and the alleged gift by her to the plaintiff is denied; as is, also, the unlawful taking and conversion by the defendant. These objections to the right of recovery are all well presented in the case, and the various exceptions taken during the trial.

First, then, I am of the opinion, that the ownership of this property, originally, by Mrs. Turner, the alleged donee, is well established by the proof. It was principally in use in rooms occupied by her husband and herself. Possession was *prima facie* evidence of title. The actual possession of it was either in her husband or herself, presumptively in the husband, inasmuch as they lived together as husband and wife. But evidence was given of conversations between them, in which the husband admitted that the property belonged to the wife. He also stood silently by when she asserted her title and ownership; and he was present and gave sanction to her declarations, relied on as expressions of the gift to the plaintiff, by suggestions in regard to her actions and purposes. Thus there was, doubtless, sufficient evidence of the original ownership of the property by Mrs. Turner,

Then, was there a valid gift of the property by Mrs. Turner to the plaintiff? On this point there are a variety of facts and circumstances to be considered. To constitute a valid gift of property, there must be a clearly expressed intention by the donor, to part with the title to the donee, accompanied by an actual delivery of the subject of the gift.

It might, perhaps, be urged, and not without some ground of plausibility, too, that Mrs. Turner did not intend the gift to become consummate, until the decease of her husband. But, admitting that the language employed by her, clearly indicated an existing purpose, then, to pass her title to the property to the plaintiff, was

there such an immediate, actual possession given by the former, and assumed by the latter, as was necessary to a perfect and valid gift? Blackstone says: "A true and proper gift or grant is always accompanied with delivery of possession, and takes effect immediately." (2 Bl. Com., 441.) So Kent says: "Delivery is essential, both in law and equity, to the validity of a parol gift of a chattel, or chose in action, and it is the same whether it be a gift *inter vivos* or *causa mortis.* Without actual delivery the title does not pass." (2 Kent Com., 438.) But, as was said in *Gray* v. *Barton* (55 N. Y., 68), per GROVER, J., to constitute a gift, a manual delivery of the thing given is not in all cases necessary; and he adopts the language of Chancellor KENT, that delivery may be according to the nature of the thing, but must be an actual delivery so far as the subject is capable of delivery. "It must be *secundum sujectam materiam,* and be the true and effectual way of obtaining the command and dominion of the subject" (p. 73). The cases wherein this subject has been considered are very numerous, and their citation is here useless, as they all recognize the law applicable to gifts, as above stated. The difficulty has generally been, as to the purport of the language employed by the donor, or as to the facts relied on, to show delivery in the particular case.

Now, let us examine the case in hand, holding in mind the law applicable to delivery in cases of gifts. Mrs. Turner, the donor, lived with her husband, both quite advanced in years. They, together, had rooms, as boarders, in the house occupied by the plaintiff and her husband, in whose family they boarded. Mr. Turner contracted for the rooms and board; the rooms, which opened the one into the other, were furnished with the property constituting the subject of the alleged gift; and such property, at the time, was in use in the rooms, except a very few articles in a clothes press and in a trunk, the latter in the second story. Mrs. Turner, the donor, was *in extremis,* on a bed in one of the rooms, when she sent for the plaintiff; and after giving directions as to the disposition of some articles as keepsakes to friends, said to the plaintiff, who was sitting on the side of the bed: "All the rest of my things I give to you. * * * I want you to take the things and use them; but those things that the elder (her husband) needs in these rooms I would like to have you keep just as I have kept

them, while he lives. \* \* \* My beds and bedding, and all the rest of my things, my beds and bedding and all, every thing, I give to you." According to another witness, she said : " The things in these rooms here, the household things, my wearing apparel and beds and bedding, I give to you; take them and use them, and take care of them as I have." Another witness spoke to the circumstances attending the gift, much to the same effect, but with less precision. Some evidence was given, tending to show a manual delivery at the time, of a few articles of small value or importance, but the evidence was not clear or distinct as to such handling or manual delivery, save as to two articles, a bed-quilt and blanket. The remainder of the property, comprising the carpets, the furniture in the rooms, the beds (one of which having been set up temporarily, the donor then occupied), was in use in the rooms, except some linen and bedding, perhaps, in the closet, and a very few articles in a trunk up stairs. The declaration of gift was made in the early morning, and the donor died about half-past three P. M., of the same day. The principal part of the property, remained in the rooms and in use, as before the alleged gift, until after the decease of the donor, and indeed until many months thereafter ; the donor's husband continuing to occupy the rooms, furniture, and one of the beds, and still boarding in the family. The bed on which the donor died, and its bedding, were removed immediately after her death, and the quilt and blanket were taken into possession at the time of the conversation in the morning, All the property, with the exception of this one bed and bedding and the quilt and blanket, and possibly a very few articles (none however that any witness distinctly identified), remained as before the gift, in Mr. Turner's rooms, in his use as it had been before used by himself and wife ; and this bed and its bedding remained actually occupied by the donor until her decease. No actual delivery or change in its possession was attempted at the time. Judge GROVER says in the case cited, that if the thing given be not capable of actual delivery, there must be some act equivalent to it. The donor must part not only with the possession, but with the dominion of the property. It is plain from the evidence, that the dominion of the property was not then surrendered to the plaintiff ; entirely certain that she did not assume its

possession or control. She then took no dominion over it. It may be said, that to have done so then, under the circumstances, would have been unseemly, and as to the bed on which the dying woman lay, impossible. Yet to uphold the gift, either as one *inter vivos* or *causa mortis*, delivery was absolutely essential. Such is the requirement of the law. Without it, a declaration of gift is of no effect. Cumbersome property will be well delivered when in a house or room, by the delivery of the key with intent to surrender its possession and control; so of property in a desk or trunk, so too by any *act* amounting to a surrender to another of its dominion and custody. In this case it is evident, that the declaration of gift, as regards the property, other than the watch, quilt and blanket, was not accompanied with delivery, hence the title did not pass.

The evidence in this case would probably uphold the alleged gift as regards the quilt and blanket; but as to the other property (the watch excepted) it rested in mere words, simply in expressions of intention or purpose, unaccompanied by delivery, the necessary concomitant of a valid gift. The recovery was principally, if not wholly, for such other property. This conclusion renders a new trial necessary without any examination of other questions in the case.

As above suggested, the right of recovery for the watch, rests on a state of facts, entirely different from those relating to the other property. It may not, however, be out of place here to remark that, admitting that there was a consummated valid gift of the watch, by Holland Turner to the plaintiff, a serious question would still remain on the further and other proof necessary to make out the alleged cause of action therefor. If the action be held to be simply trespass *de bonis asportatis*, no right of recovery therefor was proved against the defendant; for the evidence stands uncontradicted, that all the possession he ever had of the watch was lawful. It was handed to him by one having its custody and possession, to be taken and delivered to another; those parties being husband and wife; that is, it was handed to him by the husband, to be delivered to the wife. Thus there was no unlawful taking proved. He came to the possession by delivery, without any unlawful act on his part. (3 Hill, 348; 8 Barb, 333; see, also, many cases in

Wait's Table of Cases, under *Barrett* v. *Warren.*) And if it be claimed that the action may be maintained in trover (see complaint), it then becomes an important question here, whether a *conversion* was established against the defendant. True, there was a demand of him for the watch, but this was after he had executed the trust committed to him; when, of course, it was not in his power to comply with the demand. (6 Barb., 436 ; 1 Robt., 204, 209 ; 1 N. Y., 522; 30 Barb., 226; 32 id., 396 ; 57 N. Y., 33.) He in no way appropriated the watch to his own use ; nor did he act with a view to divest any one of title, or to pass title to another. In this respect the case differs from *Spraights* v. *Hawley* (39 N. Y., 441). But the determination of this question is unnecessary here, as there must be a new trial for the reason above stated. Perhaps on the retrial a different case may be made as regards the watch on the facts. So, too, we deem it unnecessary, now to consider, the exceptions taken to the admission of evidence, and also to portions of the judge's charge. It seems, however, quite plain that much of the evidence given by the witness Thomas B. White, objected to by the defendant, was incompetent, not to speak of other evidence admitted against objection. And that part of the charge where the learned judge in effect stated that the delivery was sufficient, if the donor made all the delivery she was capable of making, is of questionable propriety under the circumstances of this case. Delivery must be made according to the nature of the subject of the gift, not according to the capability of the donor, who might be incapable of making such delivery as the law requires to constitute a valid gift.

The motion for a new trial must be granted, with costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, and new trial granted, costs to abide event.