Knapp *v.* Scheider.

---

OSCAR KNAPP, Appellant, *against* JOSEPH SCHEIDER *et al.*, Respondents.

(Decided June 6th, 1881.)

In an action for the recovery of the possession of personal property, brought before the provisions of the Code of Civil Procedure relating to such actions took effect, the complaint alleged a wrongful detention of the goods, and the answer was simply a general denial. Upon the trial, it appeared that the goods had been furnished by the plaintiff to the defendants under a contract for their manufacture; and the complaint was dismissed, on the ground that there was no sufficient proof of a rejection of the goods by the defendants or a demand for them by the plaintiff. *Held,* that as, under the then existing law, the issues raised by the answer entitled the defendant to claim a return of the property, proof of a demand by the plaintiff was unnecessary; and that there was sufficient evidence to be submitted to the jury upon the question whether the goods were rejected by the defendants, which rejection, taken in connection with their defense, would render a formal demand by the plaintiff unnecessary.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The facts are stated in the opinion.

*Daniel Daly,* for appellant.

*Lewis Hurst* and *Wm. W. Badger,* for respondents.

CHARLES P. DALY, Chief Justice.—The complaint was that the defendants wrongfully detained chattels, the property of the plaintiff. The answer was simply a general denial, which put in issue the plaintiff's title and the alleged wrongful detention of the property by the defendants. It was incumbent, therefore, on the plaintiff to prove that he was entitled to the possession of the property, or to some part of it, and that it was wrongfully withheld from him by the defendants. The complaint was dismissed, and a judgment entered for the defendants. The appeal is from the judgment, but the judgment is not set forth. All that appears from the case is that

Knapp *v.* Scheider.

judgment was entered for the defendants for $81.25, and that the chattels named in the complaint were taken in the action from the defendants.

The action was brought in 1878, and is consequently not affected by the new provision in the present code regulating actions for the recovery of chattels. It does not appear from the case how this judgment was rendered. The defendants did not claim a return of the property as may now be done under the code by the service of a notice (§ 1725) ; and as the law stood, before the present code, the judgment for the defendant, upon the dismissal of the complaint, would have to be simply for the defendant's costs unless they claimed a return of the property in their answer, and it was established by the evidence that they were entitled to the possession of it ; for a return of the property to a defendant, or its value, if a delivery of it cannot be had, will not be awarded unless the defendant claims it in the action and the evidence shows that he is entitled it ; for a claim by the defendant for a return of the property, or its value, is in the nature of a cross judgment (*Rogers* v. *Arnold*, 12 Wend. 30 ; *Ely* v. *Ehle*, 3 N. Y. 506; *Stowell* v. *Otis*, 71 N. Y. 36 ; Wells on Replevin, §§ 272, 485, 553). It does not follow that a defendant in replevin is entitled, upon a general verdict, to a return of the property or its value, as that involves an inquiry into and a decision upon the merits, which is rendered by the court only as the rights of the parties may require (Wells on Replevin, § 485, and cases there cited).

If the traverse in the answer of the plaintiff's right to the property in the chattels, which put him upon the proof of his title, is to be regarded as equivalent in its effect to a demand for a return of the property to the defendants, or its value, if a delivery of it could not be had, as I am inclined to think it is (*Pierce* v. *VanDyke*, 6 Hill, 613 ; *Ingraham* v. *Hammond*, 1 Hill, 353 ; *Prosser* v. *Woodward*, 21 Wend. 205 ; *Stowell* v. *Otis*, 71 N. Y. 38), then proof of a demand and refusal was not required. Where a defendant comes rightfully into the possession of property, a demand of it from him is necessary before an action of replevin can be brought to recover it, for he may

return it if requested, and it is not to be assumed that he would not, or that there has been a wrongful detention of it, until it has been demanded of him and he has refused to give it up (*Thompson* v. *Shirley*, 1 Esp. 31; *Millspaugh* v. *Mitchell*, 8 Barb. 333). But where it appears that a demand would have been unavailing, as where the defendant sets up ownership in the property in himself, or gives a general order to all in his employment, not to deliver it to the defendant, the proof of a demand is not necessary to maintain the action (*Simpson* v. *Wrenn*, 50 Ill. 224; *Johnson* v. *Howe*, 2 Gill, 344; *Hawkins* v. *Hoffman*, 6 Hill, 588; *Powers* v. *Bassford*, 19 How. Pr. 309; *La Place* v. *Aupoix*, 1 Johns. C. 406). This is the case also where the defendant in his answer claims that he had a right to the property and asks that a return of it be adjudged to him, or the value of it if delivery cannot be had; for the very nature of the defense set up shows that it would not have been delivered to the plaintiff, and that a demand of it would have been an idle formality. Mr. Wells, in his recent work on Replevin, after citing several authorities in support of the above, as the law, pertinently says that if the defendant " claims any lien or interest in the property he ought not to be permitted to set it up and then recover, under pretense that he would have surrendered the property if he had been requested to do so, . . . . where he insists on the want of a proper demand he ought in fairness to be confined to that defense, or be required to abandon it, . . . . for to recover under pretense that he would have surrendered the goods had they been demanded, and then ask that they be returned to him, would seem to be absurd. The utmost that he can ask would seem to be costs " (Wells on Replevin, 372). It was held in *Pierce* v. *Van Dyke* (6 Hill, 613), that the success of a defendant upon a plea of non-detinet does not entitle him to a return of the property or a judgment for the value of it, that he must add an avowry or cognizance, or plead property in himself or a third person; that if he does this, and the jury should find both branches of the issue in his favor, or that the plaintiff had no property in the goods, he is then entitled to a return.

In the present case the complaint was dismissed when the

Knapp v. Scheider.

plaintiff rested, upon the ground that the proof of a demand was insufficient, or, as the judge expressed it, because the plaintiff had failed to prove a rejection. This, I think, was erroneous, if the issues raised by the answer entitled the defendants, as I think they did, to claim a return of the chattel, which must have been the conclusion of the court below, unless what is meant by judgment for the defendants for $81.25, was a general judgment for the defendants with costs. If this were the judgment, then the conclusion of the court must have been that the answer had not set up any right to the property, and there being no evidence of a demand of it of the defendants, and a refusal by them to deliver it, that the facts proved would not sustain an action of replevin for a wrongful detention, which would have been equally erroneous. The facts show a delivery of it to the defendants under the contract; a letter by the defendants' foreman, that he found some of the dies all right, upon whose certificate that the dies were properly made or adapted for the work, the defendant Scheider declared he would pay the plaintiff; the refusal of the defendant Scheider afterwards to accept the dies, and his referring to only one that was not right. His reply—upon several applications of the plaintiff for the payment of the one-third of the price provided for in the contract—that he could not accept them, but repeating, on each occasion, to come next day and he would try to accept them; and the inability of the plaintiff to find Scheider thereafter or to ascertain from those at his place of business or his residence where he could be found, would ordinarily be nothing more than evidence of breach of contract on his part, or facts that would entitle plaintiff to bring an action for the recovery of the price. But when these facts are coupled with a defense that the defendants had a right to the property, and demand in the action a return of it to them, it presents the case in a very different aspect, and required, I think, the submission to the jury of the question whether defendant had not rejected the goods, i. e., whether his conduct did not amount to a rejection. If they found in the affirmative the action could be sustained, without proof of formal demand, after such rejection. What-

ever inferences were to be drawn from defendants' conduct it was for the jury to draw, and not for the court.

I think the judgment should, therefore, be reversed and a new trial ordered, costs to abide event.

J. F. DALY and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.