(84 Misc. Rep. 23)

## BECK v. SCHNEIDER.

(Supreme Court, Appellate Term, First Department. January 8, 1914.)

1. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—PARTIES.

Municipal Court Act (Laws 1902, c. 580) § 42, provides for joining as defendant any person who claims an interest in the controversy adverse to plaintiff, or who is a necessary party for the complete determination of the question involved, etc., but does not provide for bringing in parties on motion after the action is commenced. Section 187 permits defendant, in an action to recover a chattel, where he claimed an interest in the property and other persons not parties have an interest therein, to apply "at any time before answer" for an order joining the other claimants as codefendants, and section 115a, as added by Laws 1903, c. 431, provides that a motion for leave to intervene by one who claims the right to possession must be made at least two days before the return day of the summons. Held, that a motion by defendant in replevin made at trial to bring in another as a defendant on the ground that he was the owner

---

of the property was properly denied; a motion made at that time not being authorized by the statutes.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. APPEAL AND ERROR (§ 412*)—NOTICE OF APPEAL.

A notice of appeal, given by one who was not properly made a party to the action, was a nullity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2135; Dec. Dig. § 412.*]

3. REPLEVIN (§ 8*)—DEFENSES.

Proof in replevin that plaintiff had no title to the property, and that it was delivered to defendant by one lawfully in possession to have it repaired, was a good defense to the action.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 45–68; Dec. Dig. § 8.*]

4. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—REPLEVIN—JUDGMENT—POSSESSION.

Under Municipal Court Act (Laws 1902, c. 580) § 123, providing that, if defendant has demanded judgment for the return of a chattel which was replevied and afterwards delivered to plaintiff, final judgment for defendant must award him possession with damages, where defendant did not demand a return of the property, the judgment should only be "judgment for defendant" entitling him to statutory costs only and should not award him possession.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

5. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—ACTION FOR POSSESSION.

The fact that defendant did not demand judgment for the return of the property, so that under Municipal Court Act (Laws 1902, c. 580) § 123, the judgment in his favor could not award him possession of the property would not prevent defendant, upon recovering a judgment generally with out possession, from maintaining a subsequent action for possession.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Replevin action by Fred Beck against Eberhard Schneider. From a judgment for defendant without awarding him possession of the property, he appeals. Affirmed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Phelan Beale, of New York City, for appellant.

Louis J. Rosett, of New York City, for respondent.

PAGE, J. [1] At the trial a motion was made by the defendant's counsel to bring in one Solomon Heft as a party defendant on the ground that he was the rightful owner of the property replevied. The motion was properly denied. If the motion was made pursuant to section 42 of the Municipal Court Act, as claimed, it was nuauthorized for the reason that, while this section defines clearly who may be made parties defendant in the first instance, it makes no provision for bringing in parties on motion after an action has been commenced. That

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

section has therefore no application to this case. The provisions of the Municipal Court Act which are applicable to this case are sections 187 and 115a. Section 187 allows a defendant, in an action to recover a chattel, where he claims an interest in the property and other persons not parties have an interest therein, to apply to the court upon affidavits for an order joining the other claimants with him as codefendants. The section specifically provides that this may be done "at any time before answer." Section 115a, as added by Laws 1903, c. 431, makes similar provisions for a motion for leave to intervene on behalf of one not a party to the action who claims the right to possession of the chattels; but this section provides that the motion must be made at least two days before the return day of the summons. The record does not show that any motion to interplead Heft was made by the defendant pursuant to section 187, and the motion of Heft pursuant to section 115a was made in part 1 before Justice Davies and denied and no appeal therefrom taken. The court was therefore without authority to grant such a motion at the trial, and it was properly denied.

[2] Heft is not a party to the action and has no standing therein. His notice of appeal from the judgment is therefore a nullity.

[3] The only question properly involved in the appeal is the form of the judgment entered for the defendant. It was proved at the trial that the plaintiff had no title to the property replevied and that it was delivered to the defendant by one lawfully in possession, for the purpose of having it repaired. This was a perfect defense, and the court properly rendered judgment for the defendant.

[4] The defendant appellant claims that, because he proved his possession to have been lawful and that he was entitled to immediate possession of the property, the judgment should so provide and should fix the amount which the plaintiff must pay to him in lieu of delivery. Section 123 of the Municipal Court Act provides, however, that:

"* * * If the defendant has demanded judgment for the return of a chattel, which was replevied, and afterwards delivered to the plaintiff * * * final judgment in his favor therefor must award to him possession thereof, with his damages, if any, and it must also award to him the sum fixed as the value thereof; to be paid by the plaintiff, if possession is not delivered to the defendant."

In the case at bar the record does not show that the defendant has demanded a return of the chattel, and in his pleading no such demand appears. The court was therefore without authority to grant any other judgment than the one which it rendered, namely, "judgment for the defendant," which entitled the defendant to his statutory costs only. Levey v. Hohweisner, 101 App. Div. 82, 91 N. Y. Supp. 552; semble, McCobb v. Christiansen, 28 Misc. 119, 59 N. Y. Supp. 303; semble, Knapp v. Scheider, 10 Daly, 218.

[5] This does not, however, preclude a subsequent action by the defendant to regain possession of the chattels.

The judgment should be affirmed, with costs. All concur.