## YATES *vs.* FASSETT & WHITLOCK.

The right of property acquired by the plaintiff in replevin by the delivery to him of the chattel by virtue of the writ, is a temporary right of possession, which terminates upon the abatement or discontinuance of the suit, or by a judgment in favor of the defendant, though a return be not adjudged.

Therefore, where one sued in replevin in the *detinet*, pleaded only *non-detinet*, and had a verdict in his favor and a judgment for costs, but not for a return; and afterwards demanded of the plaintiff the property which had been delivered on the writ of replevin, and then brought trover for it against the plaintiff in the former suit; *held*, that the action was maintainable, though the plaintiff might have so pleaded in the first suit as to have entitled himself to a return or to the value of the property in damages, and had omitted to do so.

TROVER, for a canal boat, called the "W. W. Fassett," tried at the Schenectady circuit in October, 1844, before PARKER, circuit judge.

In opening the cause to the jury, the plaintiff's counsel stated that the plaintiff was the owner of the boat in controversy, and that during the winter of 1843, he permitted one Lighthall to live in it with his family; that while it was thus occupied, the defendants in this suit brought replevin in the *detinet* for the boat against the present plaintiff and Lighthall, and that the boat was delivered to the plaintiffs in that suit by the sheriff, by virtue of the writ of replevin; that in declaring in the said former suit, the plaintiffs therein alleged that the defendants received the boat from one Hugh Biddle to be delivered to the plaintiffs on request, but though requested they had not delivered it, but detained it; that the only plea in that suit was that the defendants therein did not detain the boat in manner and form as alleged in the declaration; that the issue so joined was tried at the Oneida circuit, and the verdict was that the defendants did not take said boat in manner and form as alleged in the declaration, and that they did not detain the same in manner and form as alleged in the said declaration; that the principal question litigated on that trial was whether the plaintiffs therein (the defendants in this suit) owned the

boat, or whether it was the property of Yates, the present plaintiff, and one of the defendants in that suit; that the defendants on that occasion claimed that if the jury found the property of the boat to be in Yates, they were entitled to a verdict and judgment against the plaintiffs for the value of the boat; that such claim was opposed by the plaintiff's counsel, who denied that under the issue joined the defendants could recover the value of the property or have a judgment *de retorno habendo;* and the circuit judge held with the plaintiff's counsel that under the issue there could not be a verdict against the plaintiffs for the value of the boat; whereupon the verdict above mentioned was rendered, upon which judgment had been perfected for costs only; and that since said trial the present plaintiff had demanded the boat of the defendants in this suit, who had refused to deliver it to him.

Upon this opening the defendants in the present suit moved that the plaintiff be nonsuited, insisting that said plaintiff might have so pleaded in said former suit, as to entitle himself to the value of the boat by way of damages, or to a judgment *de retorno habendo,* and that having neglected to do so, he was without remedy and could not sustain this action. Of this opinion was the circuit judge, who directed a nonsuit to be entered, and the plaintiff's counsel excepted.

*D. Wright,* for the plaintiff, now moved to set aside the nonsuit and for a new trial. After referring to 2 *R. S.* 529 *and seq.* §§ 40, 44, 45, 54, 62, to show the manner of pleading and the proceedings in this class of actions, he insisted; 1. That the present suit was not in contradiction of, but in affirmance of the matter decided in the former action. Some of the dicta of the judges in *Le Guen* v. *Gouverneur & Kemble,* (1 *John. Cas.* 436,) were not called for by the question in the case and cannot be sustained on principle. The plaintiff when prosecuted in the former suit was at liberty to defend himself so far as to rid himself of the claim then made, and then to take his own time and legal forum to assert his title to the property in question. 2. There is no principle which asserts that the pro-

Yates *v.* Fassett.

secution of an unsuccessful suit operates to transfer the property in controversy to the plaintiff in such suit. 3. But if this were otherwise where the parties to the suits were the same, it would not hold here, as there was another defendant in the first suit, who did not claim any ownership of the boat and was not entitled to damages or to a return. (*Cowen & Hill's Notes, pp.* 828, 832.) 4. If the plaintiff had found and taken possession of the boat after the judgment in the first suit, it cannot be pretended that the defendants could have maintained an action against him, founded upon any thing determined in that suit. Even a verdict and judgment in an action of trover does not transfer the property to the defendant. The plaintiff may prove that the conversion was temporary. 5. This case is analogous to those in which a defendant has an election to obtain a full remedy in the first suit, or resort to a cross action, as in cases of set-off, recoupment, &c. 6. The conversion for which this suit is brought occurred after the determination of the first suit, when the plaintiff demanded the boat and the defendants refused to give it up.

*H. A. Foster,* for the defendant. Replevin is an action framed for the purpose of determining the title to personal property between the parties to the suit. (*Pattison* v. *Adams,* 7 *Hill,* 126.) When, therefore, a person is sued in such an action who claims title to the property which is the subject of the action, he must set up such title and have the question of ownership determined. It is a well settled rule of nearly universal application, that a judgment or decree of a court possessing competent jurisdiction is final not only as to the subject matter determined, *but as to every other matter which the parties might have litigated in the cause and which they might have had decided.* This was so held by the court for the correction of errors, at an early day, after much consideration (*Le Guen* v. *Gouverneur and Kemble,* 1 *John. Ca.* 436 ; *and see particularly the opinion of Radcliff, J. at p.* 492, *and of Kent, J. p.* 501, 502.) The rule has not been departed from, but is often recognized as the settled doctrine upon the subject.

(*Cowen's Tr.* 2d ed. 731, 734; note (*a*) *to* 2d ed. 1 *John. Ca.* p. 492; *McAllister* v. *Reab,* 4 *Wend.* 483, 492; *Kelleran* v. *Brown,* 4 *Mass. R.* 443; *Cowen & Hill's Notes,* 830; *Smith* v. *Jones,* 15 *John.* 229; *Sill* v. *Rood, id.* 230, *and note* (*a*), *Farrington* v. *Payne, id.* 432; *Colvin* v. *Corwin,* 15 *Wend.* 557; *Bendernagle* v. *Cocks,* 19 *id.* 207; *Batterman* v. *Pierce,* 3 *Hill,* 171; *Button* v. *Turner,* 6 *N. Hamp.* 481.) In replevin both parties are actors. This is to enable either party, whether the other consents or not, to go on and vindicate his title. The entire theory of the action proceeds upon the assumption, that if the party prosecuted has any title, he is bound to assert and maintain it in the suit. (2 *R. S.* 528, §§ 39, 40, 44, 45, 47 *to* 49, 53 *to* 55, 62; *Pierce* v. *Van Dyke,* 6 *Hill,* 613, 615; *Pattison* v. *Adams, sup.*; *Cowdin* v. *Stanton,* 12 *Wend.* 120; 5 *Dane's Ab.* 514, 515.) There are but two reported cases in which a defendant in replevin has been permitted to maintain an action against the plaintiff for the same property; but both cases were determined upon peculiar grounds. In one of them, (*Smith* v. *Snyder,* 15 *Wend.* 324,) the proceedings in the first suit had been set aside for the want of service of the plaint. It was a case where the property had been delivered on the writ of replevin, but nothing further had been done. In *Lockwood* v. *Perry,* the other case referred to, (9 *Metc.* 440,) though the defendant had recovered in replevin in the former suit, in a court of common pleas, error had been brought and the judgment was reversed, and before another trial the suit abated. It was held that the abatement of the suit restored the plaintiff, who had been defendant in the replevin suit, to the right of possession of the property which had been taken from him on the writ of replevin.

*M. T. Reynolds,* on the same side, said that the action of replevin was a proceeding in *rem,* in which the title to the property must necessarily be determined, and that if a defendant would voluntarily waive his title by neglecting to plead it in such a manner as that it might be tried, he could not afterwards claim to be the owner by virtue of any title anterior to

Yates *v.* Fassett.

the suit. Replevin is also in the nature of a *scire facias,* or a rule to show cause. This appears from the form of the writ given by the statute. (2 *R. S.* 523, § 6.) Now if one who is called upon to show why he has interfered with the property of another, will not venture to claim the ownership, but puts himself on other grounds, he should be estopped from afterwards setting up title to the property.

*N. Hill, Jr.* in reply. It must be assumed that the present plaintiff, before the trial of the former action, was the owner of the boat, and that he has demanded it since the determination of that suit, and that the defendants have refused to give it up. The defendants must show that something has happened to change the title; for if not changed, the law annexes to it the usual remedies, and trover is one of them. Now the record of the former suit shows that the plaintiffs in that suit (the defendants here) were not the owners; for *non-detinet* puts in issue the plaintiff's title. (2 *R. S.* 529, § 40.)

Again, suppose Yates, the present plaintiff, after the former judgment, had found the boat and taken it, and Fassett & Whitlock had sued him in trover, making title under the record in the first suit. That record would have shown that they had no right.

The defendants' counsel argues that a judgment is not only conclusive as to the matters put in issue, but as to every thing which might have been put in issue. This is not generally correct. The *dictum* of Judge Radcliff in *Le Guen* v. *Gouverneur,* is not law to its full extent. 1. It is the only case in which it has been so laid down; 2. It was *obiter;* 3. The case relied on, (*Marriot* v. *Hampton,* 7 *Term R.* 269,) does not sustain the position; 4. If the proposition were true, a party having several promissory notes which were due, must sue on them all at the same time, or lose such as he did not include in his first suit; 5. The settled rule respecting set-off and recoupment shows that the position cannot be maintained. 6. Judge Kent was scarcely satisfied with the terms in which

his associate had laid down the rule, and he uses his own lan-
guage, in which this position is not found. The rule as to the
effect of former judgments is,.taht they are conclusive as to
their own rectitude and correctness. (*Cowen & Hill's Notes*,
830.) An action shall not be sustained which is inconsistent
with· them. But· this suit is not. The plaintiff, when sued in
the first suit, answered that he did not detain the boat, and
virtually that the plaintiffs in that suit did not own it, and the
issue was found for him. This suit is in no sense inconsistent
with that finding. ·

*By the Court,* WHITTLESEY, J. For the purpose of this suit
the plaintiff is to be deemed the owner of the boat in question, as
that is one of the propositions of fact contained in the statement of
the counsel on opening the cause to the jury. This boat has
been the subject of a former legal controversy between these ·
same parties and another, in an action of replevin brought by
the present defendants, against the present plaintiff and one
Lighthall. Upon the commencement of that suit, the boat was
delivered by the proper officer to the plaintiffs, who are defen-
dants in this suit. Those parties having possession by virtue of
the writ and the provisions of the statute, their possession was
lawful. Both the writ and the delaration in the replevin suit
were in the *detinet* only, that is, the plaintiffs therein did not
complain that the defendants therein lawfully took the boat, but
only that they lawfully detained it from the plaintiffs when they
were legally bound to deliver it to them. The action of replevin
in the *detinet* was very seldom used until it was made applica-
ble to a variety of cases by our statutes, and form was given to
its proceedings. (2 *R. S.* 521, *tit. Of the Action of Replevin.*)
To the declaration in replevin the defendants pleaded simply
the general issue, *non-detinet.* This plea put in issue, not
only the detention of the boat, but also the property of the
plaintiffs in that suit in it. (2 *R. S.* 529, § 40.) If the de-
fendants in that suit had claimed title to the boat, and had
· wished to obtain a judgment for the return of it or for its value
in damages, they might have pleaded such title, or given

notice thereof. After a trial upon such plea or notice, if the jury had found the title to be in the defendants in such suit, they would have been entitled to a judgment for a return of the boat, or for its value in damages. (2 *R. S.* 529, 531, §§ 44, 53, 54, 55.) And thus the whole controversy in relation to the boat, the property therein, and right of possession thereto, might have been settled by a proper judgment in that suit. And although the plaintiff in this suit was the sole owner of the boat, and although he was made defendant in the replevin suit with Lighthall, who had no title to it, yet the plaintiff here could, beyond a question, have pleaded or given notice of his title in the replevin suit; and upon the title being found in him, have obtained the proper judgment in his favor. But neither of the defendants in the replevin suit, pleaded or gave notice of any such special matter, but both of them went to trial upon the general issue of *non-detinet.* Upon the trial of that issue, the verdict was for the defendants and against the plaintiffs; but though the verdict in effect found that the defendants in the replevin suit did not detain the boat from the plaintiffs therein, and that the plaintiffs in that suit had no property in the boat; yet the circuit judge who tried the cause, I think, properly held that the defendants were not, under the issue, entitled either to a judgment for a return of the boat or to its value in damages. (*Pierce* v. *Van Dyke,* 6 *Hill's Rep.* 613.) Though this conclusion is not perfectly clear under the statute, nor distinctly decided in the case last referred to, yet the propriety of it, as a legal proposition, was in effect conceded or assumed by the counsel on both sides in the argument of this case. The verdict in the replevin suit thus resulted in nothing but a judgment for costs in favor of the defendants, against the plaintiffs therein.

The plaintiffs, notwithstanding the verdict that they were not the owners of the boat, still remained in the possession of it. The plaintiff in this suit, who is the true owner, demands the boat of the defendants in this suit, who were plaintiffs in the former suit, and the possession is refused.

Upon such a title and after demand and refusal he brings this

action of trover, and unless he succeeds in it, he must fail of obtaining possession of an article of property to which he has lawful title, and it will by judgment of law be permitted to remain in the possession of persons who have been found by a verdict to have no title to it.

The plaintiff here cannot bring another replevin, (2 *R. S.* 532, § 62,) and he has no remedy upon the replevin bond which was taken upon the transfer of the possession to the defendants, the conditon of which was to return the boat, if return should be adjudged, and to pay such sums of money as might be recovered against the plaintiffs. (2 *R. S.* 523, § 7, *sub.* 2.) Here has been no return adjudged ; no sums of money recovered except costs ; no judgment for the restoration of the boat or the payment of its value. All the defence which the defendants have to this action, upon the case made by the bill of exceptions, arises not out of any merits of their own, but out of the demerits, negligence or omission of the plaintiff. The law discountenances and discourages a multiplicity of suits, and in many cases requires that all subjects of controversy which can be disposed of in a single suit, shall be so disposed of, or the party be precluded from presenting such subject matter for adjudication in a new suit. Hence an account for goods sold has been held to be an entire demand, incapable of being split up for the purposes of bringing several suits thereon. (*Guernsey* v. *Carver*, 8 *Wend.* 492; *Colvin* v. *Corwin*, 15 *id.* 557.) So where a party has several demands or existing causes of action growing out of the same contract, or resting in matter of account which *may* be joined and sued for in the same action, they *must* be joined. And where there are several covenants in the same instrument, of which there has been several breaches, distinct suits cannot be brought for the several breaches; but all the breaches of the several covenants which have accrued at the time of commencing the suit must be embraced in the same action. The same rule is held to extend to several actions against the same person for the same wrong. (*Bendernagle* v. *Cocks*, 19 *Wend.* 207. *See also Farrington* v. *Payne*, 15 *John.* 432; *Smith* v. *Jones, id.* 229 ; *Sill* v. *Rood*

*id.* 230.) It is useless, however, to refer to the numerous cases containing the various shades of doctrine upon this general subject. For the purposes of this case the principle is well enough laid down in an early case in our own court for the correction of errors, which has been often cited with approbation, *Le Guen* v. *Gouverneur & Kemble,* (1 *John. Cas.* 436.) In that case, Radcliff, J. at page 492, says: "The general principle that the judgment or decree of a court possessing competent jurisdiction shall be final as to the subject matter thereby determined, is conceded on both sides, and can admit of no doubt. The principle, however, extends further. It is not only final as to the matter actually determined, but as to every other matter which they neglect to litigate in the cause, and which they might have had decided." This broad language is indeed hardly sustainable, either by principle or adjudged cases, to the extent which, standing alone, it would seem to import. But when we reflect that it was used in reference to a case where the party had an opportunity to set up fraud as a defence to a suit at law, but omitted to do it and filed a bill in chancery for the same fraud, we shall perceive that this language, as to such a case of defence, lays down substantially the correct rule. Such general language, perhaps, requires to be restricted and made more certain and specific, as was done by Kent, J. in the same case, who says, (p. 502,) "Every person is bound to take care of his own rights, and to vindicate them in due season and in proper order. This is a sound and salutary principle of law. Accordingly, if a defendant having the means of defence in his power, neglects to use them, and suffers a recovery to be had against him by a competent tribunal, he is forever precluded." The exceptions to this rule to which he refers are set-offs and ejectment. The rule itself is intended to prevent litigation and preserve peace; and it has been since cited in numberless cases as laying down the true legal principle with precision and correctness.

It is the principle contained in the class of decisions to which we have just referred that the defendants evoke and claim as a protection against a recovery in this suit. They insist that as

the plaintiff might, as defendant in the replevin suit, have so pleaded as to have entitled himself to a return of the boat or to its value in damages, in case the title had been found in him ; and as he omitted or neglected so to plead in that suit, he shall be forever precluded from raising the same question in another suit. He had an opportunity of trying the question in a mode which would have resulted in giving him the property or its value, in case the title was in him ; but having neglected to avail himself of such opportunity to establish his claim, he shall not be heard again in court upon that claim, even though his title is good.

If the claim of title in a replevin suit is looked upon as a mere matter of defence in such suits, then the defendants are right, and they are protected from a recovery in this suit by the precise principle established in the case of *Le Guen* v. *Gouverneur*. If such claim of title is not looked upon as mere matter of defence, but if because the defendant in such suit *might* plead title, he therefore *must* plead title therein or be forever after silent as to his title, as hinted at in *Bendernagle* v. *Cocks*, (*sup.*) then are the defendants still right, and may retain the property though the plaintiff is the real owner.

The principle laid down by Kent, J. relates to the defence of a suit and the omission of a means of defence which a party had in his power, by which a recovery is had against him. Here, if the defendant in the replevin suit has omitted any proper means of defence ; still there has not been any recovery against him, and in this respect the case is not parallel to the one referred to. But it is perhaps proper to waive that consideration, as the principle settled goes to prevent the increase of litigation, and to require that a party should present his claim at the proper time, or be forever barred from presenting it. That rule however related to the defence, and even as to that the case of mutual dealings was remarked as an exception. If in a suit against a party he omits to set off his counter demand, he may do so without barring himself of a recovery in a cross action. The same principle applies to the more modern doctrine of recoupment. In a case proper for recoupment, it is optional with the defendant

whether he will use his claim in that way or reserve it for a cross action. (*Batterman* v. *Pierce*, 3 *Hill*, 171 ; *Reab* v. *McAllister*, 4 *Wend.* 483 ; *S. C.* 8 *id.* 109.) In such cases, because a defendant *may* introduce a set-off or *may* recoup, it does not follow that he *must* bring in his set-off or *must* recoup upon the penalty of losing his claim when he seeks to enforce it by an affirmative action. While the courts favor set-offs and recoupments, they do not compel them. The principle settled therefore seems to relate to matters of defence proper, and not to matters proper for a cross action. (*See Cowen & Hill's Notes to Phil. Ev.* 962.)

The action of replevin is a peculiar action. The plaintiff is privileged beyond plaintiffs in other suits, by the right to have the property which is the subject of controversy delivered to him under the first process issued in the suit. It is, perhaps, to compensate in some measure for this extraordinary privilege that the defendant is suffered to plead title and to have a judgment for the return of the property, or its value in damages, in the same suit, if he establishes his plea by proof, and is not driven to another suit to regain the property or its value. But while the law allows this for the benefit of the defendant, as it would allow of a set-off or recoupment, I cannot find that it compels it more in the first case than it does in the two last. In replevin both parties are said to be actors; and in fact a replevin with an avowry, cognizance or plea of title, is but two suits going on at the same time, in which both parties are plaintiffs and both parties defendants, and in which a judgment may be rendered to suit either claim. I cannot find, however, that both parties must necessarily make distinct affirmative claims. I see no reason why the defendant may not confine himself simply to a defence by the general issue, and put the plaintiff to proof of his claim. If in such case the verdict and judgment are against the defendant, particularly on the plea of *non-detinet*, it will be a bar against any future claim on his part to the property under a prior title. It will be a bar because such plea puts in issue the plaintiff's title to the property, and a verdict in his favor would establish his

title, and would show that if the defendant had pleaded title he could not have maintained his plea. The only object of a plea of title on the part of the defendant is to obtain in the same suit a judgment for the return of the property or its value in damages. But this plea is not merely a defensive one. It is an affirmative claim to the property in the nature of a cross suit; and I do not see why it may not with propriety be the subject of a cross action. I see no reason why a defendant in replevin may not confine himself simply to his defence on *non-detinet*, withholding any special plea of title to the property, and in case the verdict is against the plaintiff, present a claim of title in another suit. Upon such issue in replevin with a verdict against the plaintiff, the finding would simply be that the plaintiff had no title and could not rightfully hold the property. But as the defendant made no claim of title, the verdict could not find any title in him, nor the court adjudge any return to him. Such verdict ascertains nothing as to the title of the property, except that it was not in the plaintiff. If the defendant, in whom the title really is, afterwards institutes an affirmative action to obtain possession, is it a sufficient answer on the part of the former plaintiff who is adjudged to have no title, if he aver that the real owner should have interposed his claim in the former suit, and having neglected to do so, shall be decreed to have lost it? I cannot think it is. The plaintiff in the replevin suit was permitted summarily to take possession of the property. On this account the defendant, as a favor, is permitted to plead title with the view of having a return adjudged in the same suit. But I cannot think that he is compelled to plead or be barred from setting up his title afterwards; and least of all should the plaintiff, who as it now appears took possession of the boat without any title, and who is adjudged to have no title, be heard to make this objection to the claim of the lawful owner.

But it is said on the part of the defendants that the boat was delivered to them by virtue of the writ of replevin, and that their possession was a lawful one; and it is asked if the action could be maintained against them during the pendency of the

Yates v. Fassett.

replevin suit. Certainly not. The object, purpose and effect of the writ of replevin was to transfer the possession of the boat to the plaintiffs in that suit; and the possession so acquired was legal, and continued until the termination of the replevin suit. If the title were found to be in the plaintiffs by such suit, then the possession taken by virtue of the writ would continue by virtue of the title adjudged at the termination of the suit to be in the plaintiffs. If after possession was delivered by virtue of the writ, the proceedings should be set aside, the right of possession in the plaintiffs would be gone, because the suit was ended, and another replevin, or trespass or trover might be brought by the rightful owner. (*Smith* v. *Snyder*, 15 *Wendell*, 324.) When the suit abates by the death of the plaintiff in replevin, the temporary right of possession acquired by him, at the commencement of such suit, falls with the abatement of the suit by the plaintiff's death. In such case the rightful owner would be at liberty to retake the goods replevied, regain possession peaceably, or after demand bring trover against the representatives of the deceased plaintiff. (*Burkle* v. *Luce*, 6 *Hill*, 558.) It was also so held in *Lockwood* v. *Perry*, (9 *Metc.* 440.) In the last case, too, the doctrine was distinctly announced, which I think to be the sound doctrine, that the plaintiff in replevin by virtue of the writ acquires the right of possession pending the action, and that during the pendency of such action the lawful owner cannot disturb such right, and that such is the precise extent of the right acquired by force of the writ of replevin. It is also urged in this case, that as the defendants had lawful possession by virtue of the writ under the law, they can keep it until a return is adjudged by law. Precisely so was it argued in *Lockwood* v. *Perry*, and it was there held by the court that a discontinuance of the suit by the death of the plaintiff may operate to defeat the right of possession acquired under the writ, and leaving no other foundation besides that which results from the writ. And it was also held, that upon such abatement of the suit the defendant might avail himself of his antecedent title, as the lawful owner, to regain the possession, although he may

not have a formal judgment for the return of the property. I am unable to see any difference in effect between the termination of the suit by the death of the plaintiff, and its termination by a verdict or judgment that the plaintiff has no title. In either case the suit is terminated, the right of possession acquired by the writ has ceased, and in the latter case the plaintiff, so far from having his right of possession confirmed by an adjudged title, has it expressly disaffirmed by a verdict of no title ; and so far the latter is a stronger case for the defendant in the replevin suit.

I will not insist that all this doctrine applies to cases of replevin for property distrained for rent, or *damage feasant*, because in such cases the party replevying has a former title, subject only to the lien for rent or damage done. But this doctrine does seem to me to apply to all cases where the right of possession of the chattel replevied has no other foundation besides that which results from the writ of replevin.

It is further urged by the defendants here, that the plaintiff in replevin acquires title to the chattel by virtue of the writ, so that he can dispose of it, and that his bond stands to the defendant in the place of the property. To a certain extent this may be true in cases of distress for rent and *damage feasant*. In such cases the plaintiff in replevin acquires possession by virtue of the writ, and he had title before, and thus possession and title meet ; and his bond is conditioned to pay the rent or damage which was a charge upon the chattel. A mere bond of replevin cannot confer title. If it can do so, these defendants have title to this boat. If the boat was now in the possession of the plaintiff in this suit, could these defendants recover it from such possession in an action of trover ? What evidence could they produce of their title ? A record showing a writ of replevin, by virtue of which the possession was delivered to them, and a verdict and judgment on such record that they had no title. Such record, so far from proving any title in the defendants, would prove that they had a right to the possession of the boat during the pendency of the suit, but that they had failed to establish the title under which

they claimed and took such possession, and such record would show precisely what I suppose to be the legal rights of the defendants at the different stages of the suit, viz. a right of possession during the continuance of the suit, and an entire want of title at its close; and of course being deficient in title, and the possession given by virtue of the writ having terminated with the suit, the right of possession has ended.

The plaintiff is the true owner and may resume the possession. As the original possession of the defendants was lawful, a demand and refusal was necessary to show a conversion. 'This was done, and all the steps necessary to the plaintiff to maintain his action were complete. In any aspect in which I can view the case, which it must be confessed is a nice and interesting one, my judgment turns to the same point, that the plaintiff is entitled to recover on his opening, and hence that the circuit judge erred in nonsuiting him.

New trial granted.