JOSEPH BRADY, Plaintiff, v. WILLIAM H. BEADLESTON
AND OTHERS, DEFENDANTS.

*Former adjudication — when not a bar — when the defendant in replevin having
succeeded 'may bring a new action for damages for the taking — what is* res
adjudicata — *burden of proof.*

One Brady was the owner of an ice-box, to recover which the firm of Beadleston &
Woerz brought an action of replevin in a District Court of the city of New York,
alleging title thereto and a wrongful detention, and obtained possession of the ice-
box. In that action Brady subsequently recovered a general judgment, which
did not, however give damages or direct a return of the box. Brady then
brought this action for damages against the firm.

*Held*, that the former action was not a bar to the claim for damages.

That it was optional with Brady whether he should demand a return of the
property and damages in the action in the District Court or not.

That where property is taken under a provisional remedy the defendants' answer
is in the nature of a cross-action, and the rules relative to a former adjudication
do not apply.

That said rules did apply, however, as against the defendants, as regarded the
question of their ownership.

That, since they alleged title in the District Court, and since Brady there obtained
a general judgment, this court must assume that the question of title was at
issue in that court; and that if at issue the decision there was conclusive.

That if the judgment in said court proceeded upon some ground other than title
the burden was upon the defendants to show that fact.

EXCEPTIONS of the defendants, William H. Beadleston, Alfred N.
Beadleston, Ernest G. W. Woerz and De Forest Fox, taken upon a
trial had at the New York Circuit before the court and a jury, at
which the plaintiff recovered a verdict for eighty dollars, and
at which the said exceptions were directed to be heard in the first
instance at General Term, judgment upon the verdict to be
suspended until after the decision upon the motion for a new trial
based upon such exceptions.

*A. Edward Woodruff*, for the plaintiff.

*Moses Weinman*, for the defendants.

BARRETT, J.:

Stripped of verbiage, the complaint states that the plaintiff Brady
was the owner of an ice-box, for which the defendants, who compose
the firm of Beadleston & Woerz, brought replevin against him in a

District Court. The marshal, in that action, under the usual preliminary proceedings, took the ice-box away from Brady and delivered it to Beadleston & Woerz. The complaint there set up title to the ice-box in Beadleston & Woerz, and averred that it was wrongfully detained from them by Brady after demand. Issue was joined by the filing of Brady's answer, and the issue was tried and a general judgment rendered for the defendant Brady, with costs. Thereupon this action was brought, and upon the trial at circuit the plaintiff had a verdict for eighty dollars. The defendants' main contention is, that the plaintiff should have obtained his relief in the action in the District Court; that he was bound to assert his rights there and to secure an affirmative judgment for the return of the ice-box "either with or without damages for the taking, withholding or detention thereof" (Consolidation Act, § 1342), and that having failed to do so, this action cannot be maintained. We think this position is untenable. It was optional with the defendant, in the replevin action, to take advantage of this provision of the statute. It was held in *Yates* v. *Fassett* (5 Denio., 21), that where one who was sued in replevin in the *detinet* and pleaded *non detinet*, and had a verdict in his favor, with judgment for costs, but not for a return, afterwards brought *trover* for the property against the former plaintiff, such action was maintainable, though he might have so pleaded in the first suit as to have entitled himself to a return or to the value of the property in damages. The principle that parties are concluded by the final judgment of a court of competent jurisdiction, not only as to the subject-matter actually determined, but as to every other matter which was in issue and which the parties might have litigated, is not applicable, for the reason that the defendant's affirmative claim to the property is in the nature of a cross suit arising from the summary act of the plaintiff in taking possession under the replevin writ. The defendant is allowed, by the statute, not merely to defend himself against the charges of the complaint, but to set up his affirmative rights as against the actual taking under the provisional remedy. This view was enforced by cogent reasoning in the case cited (pages 31 and 32), and the following observations of Whittlesey, J., are directly in point:

"But as the defendant made no claim of title, the verdict could not find any title in him, nor the court adjudge any return to him.

Such verdict ascertains nothing as to the title of the property, _except that it was not in the plaintiff._ If the defendant, in whom the title really is, afterwards institutes an affirmative action to obtain possession, is it a sufficient answer on the part of the former plaintiff who is adjudged to have no title, if he avers that the real owner should have interposed his claim in the former suit, and having neglected to do so, shall be decreed to have lost it? I cannot think it is. The plaintiff in the replevin suit was permitted summarily to take possession of the property. On this account the defendant, as a favor, is permitted to plead title with the view of having a return adjudged in the same suit. But I cannot think that he is compelled to plead or be barred from setting up his title afterwards."

This case was considered and approved in _Angel_ v. _Hollister_ (38 N. Y., 378), where WOODRUFF, J., remarked that the fact that the plaintiff " has no affirmative judgment for a return does not, _per se,_ show that he is not entitled to the possession. The illustration given in _Yates_ v. _Fassett_ is apt and conclusive. A defendant in an action may, in a proper case, recoup his damages, and may obtain his affirmative judgment, but the fact _that he omits to recoup does not bar his cross-action._"

In this latter case, _McKnight_ v. _Dunlop_ (4 Barb., 36), upon which the defendants here rely, was reviewed, and, so far as it seems to conflict with _Yates_ v. _Fassett,_ disapproved; MILLER, J., stating that the latter case " has never been directly considered and overruled, and which, I think, should stand as the better exposition and elucidation of the principle involved, and as a well-considered and sound decision of the question." If these views are applicable to the courts of record, _a fortiori_ they should govern in the district courts where people, ignorant of the technicalities of practice, so frequently appear without counsel. We think, therefore, that the plaintiff was entitled to maintain this action, and that his failure to obtain affirmative relief in the District Court was no bar thereto.

It is also contended that the learned judge erred in excluding evidence tending to show the defendants' ownership of the ice-box. But that question was settled against the defendants in the District Court, and was _res adjudicata._ We must assume, in the absence of extrinsic evidence, that the allegations of the plaintiff's complaint in that action were there put in issue. We find in that complaint

an allegation of title in the plaintiffs there, and we also find that a general judgment was rendered in favor of the defendant Brady. If the issues actually decided did not embrace the question of title, if the judgment was rendered upon some subsidiary ground, such as the failure to prove a demand, it was incumbent upon the defendants here to make that appear. The judgment was *prima facie* a bar, and the burden was on them to prove that it was not *res adjudicata* with regard to some particular allegation of the complaint put in issue by the answer. This doctrine was laid down in *Dear* v. *Reed* (37 Hun, 594), where a judgment, general in its terms and disclosing no ground upon which it was rendered, was held to be presumptively a determination of all the issues involved, and that the burden was with the party claiming the contrary to prove that it was not. We may add that the proof offered by the defendants on this latter head was in itself incompetent and was properly excluded. The question of damages was fairly submitted to the jury, and they were properly permitted to allow the real value of the ice-box and the damages actually caused by its removal. And the verdict, under all the circumstances, was certainly moderate.

The exceptions should, therefore, be overruled and judgment ordered in favor of the plaintiff upon the verdict, with costs.

Van Brunt, P. J., and Andrews, J., concurred.

Exceptions overruled and judgment ordered in favor of plaintiff upon the verdict, with costs.