(8 Misc. Rep. 607.)

### SHEPHERD v. MOODHE.

(City Court of Brooklyn, General Term. May 28, 1894.)

1. RES JUDICATA—ACCEPTING OFFER OF JUDGMENT.
   After defendant in replevin had answered, claiming title to one of the chattels in suit, and asking judgment therefor, he made an offer of judgment for the other chattels and costs, which plaintiff accepted. Neither the offer nor the judgment referred to the chattel claimed by defendant. *Held*, that a judgment entered on such offer was not an adjudication in his favor as to the other chattel.

2. REPLEVIN—ACTION FOR POSSESSION AFTER JUDGMENT.
   Where defendant in replevin asks for a judgment for a return of the property which had been taken by plaintiff under claim and delivery, and judgment is rendered for defendant without directing such return, defendant cannot afterwards sue for the possession.

Appeal from special term.

Action by Gilbert C. Shepherd against Alexander T. Moodhe. From an order granting a new trial, defendant appeals. Reversed.

Argued before CLEMENT and VAN WYCK, JJ.

Fisher & Voltz, for appellant.
Hurd & Grim, for respondent.

CLEMENT, C. J. Before January 19, 1893, the plaintiff, Shepherd, had possession of five chattels, namely, two black horses, one set of double harness, one Berlin coach, and one hearse. On January 20th the present defendant, Moodhe, commenced an action in this court against the plaintiff, Shepherd, in replevin, to recover the five chattels, and took the same by process of claim and delivery, and in his complaint alleged title, and that the defendant wrongfully detained the same. Shepherd answered by a general denial, and claimed title to the hearse, and asked judgment for possession, or for its value in case a delivery could not be had. Shepherd then made an offer that Moodhe take judgment for the possession of four of the chattels, viz. two black horses, one set of double harness, and one Berlin coach, with costs of the action. Moodhe served a notice of acceptance of the offer, and took judgment on February 10, 1893, that he retain possession of the four chattels, with costs. The offer and judgment do not refer to the hearse at all. Shepherd paid the costs, and, on the day following the judgment, commenced this action in replevin, and, by claim and delivery, took the hearse from the possession of Moodhe. The case was tried, and the presiding judge ruled at the trial that the judgment entered on the offer was not an adjudication of the title of the hearse; and the jury decided that Moodhe was the owner of the chattel, and entitled to its possession. Subsequent to the entry of judgment on the verdict, a motion was made for a new trial by Shepherd, on a case made, which motion was heard and granted by the trial judge, and from the order entered thereon this appeal is taken by Moodhe.

The jury, on conflicting testimony, having found that the title to the hearse is in Moodhe, if the judgment on the offer is not an adjudication, the sole question to be decided on this appeal is as to the effect of such judgment. We are of opinion, after careful examination, that Shepherd cannot claim successfully that the judgment is an adjudication in his favor, because, if it was, he should have procured a return of the hearse by the judgment, and neglected so to do. The offer made by Shepherd, if he desired a return of the hearse, should have been that the plaintiff take judgment for the possession of the four chattels, and that the defendant have judgment for the return of the hearse, but he (Shepherd) did not mention the hearse in his offer. If the offer had been made as just stated, then Shepherd would have protected himself against a claim of costs after the offer, if he was the owner of the hearse, and could not establish his defense as to the claim of a lien upon the other four chattels. In other states, it has been held that the plaintiff, when he takes property in an action of replevin by claim and delivery, is not liable to return the same, unless so ordered by

the court in that action. Clark v. Norton, 6 Minn. 412 (Gil. 277); Ladd v. Prentice, 14 Conn. 117; Way v. Barnard, 36 Vt. 366; Collamer v. Page, 35 Vt. 387; Kayser v. Bauer, 5 Kan. 211; Cobbey, Repl. § 1133. In this state this harsh rule has been modified, and in three cases it was decided that where the defendant pleaded merely non detinet, and did not demand a return, and the verdict was in his favor, such defendant can bring a subsequent affirmative action to regain possession of the chattels in dispute. In the leading case of Yates v. Fassett, 5 Denio, 21, it was expressly so held; and that case was followed in Angel v. Hollister, 38 N. Y. 378, and in Brady v. Beadleston, 62 Hun, 558, 17 N. Y. Supp. 42. In the case before us, it will be remembered that Shepherd, in the first action, did plead title, and asked judgment for a return, and, on the complaint and answer, made the offer of judgment. Judge Woodruff, in Angel v. Hollister, supra, held (page 380),—citing Yates v. Fassett, —that a defendant who did not plead title or right of possession in himself or another could not have judgment for the return of the property, and that, under the Code, it is only where a defendant, by his answer, asks a judgment for the return, that such a judgment can be given. See section 277 of old Code; section 1730 of new Code. While the question presented on this appeal has never been decided directly in this state, it is only necessary to read the three authorities before cited to see that it was held that the judgments in question in those cases did not bar subsequent actions, for the sole reason that the defendants did not pray judgment for the return of the property. The entire reasoning seems to be based on that ground, and, if the defendants had asked the return of the property, it seems clear that the judgments would have been held to prevent the bringing of new actions. Parties are concluded by a judgment, not only as to the subject-matter actually determined, but also as to every other matter which was in issue, and which the parties might have litigated. The offer of judgment, and the acceptance thereof, were equivalent to a verdict of a jury. Suppose, in an action of replevin, where plaintiff has taken the property by claim and delivery, and in the pleadings and on the trial a claim of title is made by both parties, the verdict is simply for defendant, and the defendant does not ask to have it corrected, so as to be a verdict for the return of the property, and judgment is entered on the verdict, simply dismissing the complaint, with costs; we would hold that the defendant could not bring another action to recover the property of the plaintiff, for the reason that he (defendant) had had his day in court, and, if he did not obtain the judgment he was entitled to, it was a misfortune which he brought upon himself. The order granting a new trial must be reversed, with costs.