(28 Misc. Rep. 119.)

McCOBB v. CHRISTIANSEN.

(Supreme Court, Appellate Term. June 28, 1899.)

1. REPLEVIN—FORM OF JUDGMENT FOR DEFENDANT.

Code Civ. Proc. § 1725, provides that, where a chattel has been taken from defendant in replevin, defendant's attorney may serve on plaintiff's attorney a notice that defendant demands judgment for the return of the chattel, or for its value, and that on the trial a copy of such notice must be furnished to the court. Section 1727, subd. 2, provides that a verdict for defendant shall not fix the value of the chattel where plaintiff is the general owner of the chattel, but defendant has a special property therein, and the value of the chattel is greater than the value of the special property, or the sum charged upon the chattel by reason thereof; in which case the value of the special property, or the sum so charged, shall be fixed. Section 1730 provides that in cases provided for in section 1727 final judgment for defendant must award him the sum fixed as therein specified, and, if it is not collected, the delivery of the chattels. *Held*, that the judgment in cases within section 1727 must conform to section 1730, whether or not the notice referred to in section 1725 has been given.

2. APPEAL—REVIEW—CITY COURT.

The appellate term will not disturb an order passed by the special term of the city court in the exercise of its discretion, where the order has been affirmed by the general term of that court.

Appeal from city court of New York, general term.

Action by Ada McCobb against Simon Christiansen. From a judgment of the general term of the city court affirming an order denying a motion to vacate a judgment taken by default (59 N. Y. Supp. 187), plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Franklin Bien, for appellant.
Harris & Goldfarb, for respondent.

FREEDMAN, P. J. This action was begun in 1890, and was in replevin to recover the possession of a seal-skin sack, alleged to be the property of the plaintiff. The action was tried in 1893, and, the jury having disagreed, the case was placed upon the general calendar of the city court. In June, 1894, the complaint was dismissed, and judgment was taken against the plaintiff by default. The complaint in the action alleges that the plaintiff was the owner of the property

in question, that the value was $175, that it had been delivered to the defendant for the purpose of being repaired, that certain valuable trimmings had been removed from the garment, and that the defendant wrongfully detained the same after demand had been duly made for the return thereof. The plaintiff gave the undertaking pursuant to the statute in such cases, and a requisition was issued to the sheriff, who seized the property, and delivered it to the plaintiff, who has ever since that time retained the same. The answer of the defendant admitted the delivery of the property to him, and alleged that the garment had been received by him for the purpose of being altered; that he had performed work, and furnished materials in the process of making the required alterations, and that there was due him for such work and materials the sum of $70, and interest thereon since March, 1890; and demanded a judgment for that amount, and for the delivery to him of said property in case said sum should not be collected. Upon the default of the plaintiff, the defendant entered a judgment in his favor against the plaintiff for the sum of $88, being the amount of his claim and interest, and for the possession of the sack in question until said sum should be paid, and for the sum of $108.14 costs. On June 4, 1896, the plaintiff's attorney made a motion to vacate and set aside said judgment in the special term of the city court. This motion was denied. An appeal from the order denying such motion was thereupon taken to the general term of the city court, and from the order affirming the order of the special term this appeal is brought.

The appellant claims that, the defendant having failed to serve a notice demanding a judgment for a return of the chattel in question, and having failed, upon the trial, to furnish such notice to the court, as prescribed by section 1725 of the Code of Civil Procedure, the entry of a judgment in favor of the defendant containing a provision for the return of the possession of the property in question was unauthorized, and that such judgment is void. Without passing upon what the legal effect of the omission to serve the notice specified in section 1725 aforesaid might be in a case falling within that section, where the answer contains a demand for the return of the property, we think this case is not one that comes within the purview of that section. The answer in this case does not allege that the defendant is the owner of the chattel replevied, but claims a right of possession thereto by reason of a special property therein. It is one of the cases, therefore, that falls within the provisions of subdivision 2 of section 1727 of the Code of Civil Procedure. The value of the chattel was shown by the complaint to have been $175, so that it appears that its value was greater than the value of the special property of the defendant therein, which was the sum of $70 and interest, amounting to the sum of $88, aforesaid; and in a case coming within the provisions of subdivision 2 of section 1727 a final judgment in favor of the defendant must award to him the sum fixed as therein specified, and, if not collected, the delivery of the chattel. Section 1730, Code Civ. Proc. Section 1727 is a new section, created expressly for cases of this character. Prior to the enactment of that section, in cases similar to the one at bar, the defendant could take

a judgment for the full value of the property, and a cross action might be maintained for the difference between the amount of the judgment and the defendant's real interest. Schrugham v. Carter, 12 Wend. 131. Mr. Throop, in his note to section 1727, says that it was to avoid this circuity of actions that section 1727 was enacted. He also says that the insertion of the fourth sentence of section 1730, which is also new, has the effect of reversing, in cases falling within section 1727, the usual order of the alternative requirements. It will also be observed that by subdivision 1 of section 1731 of the Code provision is made for a special execution adapted to the form of judgment required to be entered in such cases. It is evident, therefore, that to give force and effect to the provisions of section 1727, and to that portion of section 1730 which directs the form of judgment that must be entered in the cases specified in section 1727, it must be held that these cases referred to in section 1727 are excepted from the provisions of 1725, and that the judgment in the cases coming within the limitations of section 1727 must conform to the provisions of the fourth (new) sentence of section 1730, without regard to whether the notice prescribed in section 1725 has been served or not. That being so, the motion to vacate the judgment in the case at bar was properly denied, so far as the denial of the same was based upon the ground that the judgment was void for containing a provision requiring a return of the property in question to the defendant, in case the sum of $88, charged upon the chattel, could not be collected.

Upon the other branch of the case it is sufficient to say that the power exercised by the special term in denying the plaintiff's motion to open the default, and allow the plaintiff to try the case upon its merits, was a discretionary one; that it appears to have been carefully reviewed by the general term, which, in the exercise of its discretion, affirmed the order of the special term; and that, it not appearing that there is a question of law involved in the present appeal, the order of the general term must be affirmed.

Order affirmed, with costs to respondent. All concur.