### CHRISTIANSEN v. MENDHAM et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. REPLEVIN—JURISDICTION.

Though no notice was served under Code Civ. Proc. § 1725, for return of property replevied, the judgment for return thereof cannot on this ground be attacked for want of jurisdiction; this being no more than an error to be corrected on appeal.

2. SAME—SURETIES—JUDGMENT AGAINST PRINCIPAL.

Judgment against plaintiff in replevin, being valid and binding against him, is valid and binding against his sureties.

Appeal from appellate term.

Action by Simon Christiansen against Louis B. Mendham and others. From an order of the appellate term of the supreme court (59 N. Y. Supp. 1100) affirming a judgment of the general term of the New York City court (56 N. Y. Supp. 655), which affirmed a judgment of the trial term thereof for plaintiff, said Mendham appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.
Abraham Goldfarb, for respondent.

O'BRIEN, J. The present action is against sureties on an undertaking given in replevin. It appears that Ada McCobb began an action in replevin to recover possession of a seal-skin sack, alleging it to be her property. The complaint was dismissed, and the judgment was against the plaintiff for $88,—being the amount for work claimed to have been done in repairing the sack,—and for a return of the sack to the defendant, with the right to retain possession thereof until the sum was paid. Thereafter a motion was made in the special term of the city court to vacate and set aside said judgment, which was denied, and an appeal from the order denying such motion was then taken to the general term of the city court, and from the order affirming the order of the special term an appeal was taken to the appellate term of the supreme court. After the unsuccessful effort to get rid of the judgment, and the refusal by the principals to satisfy it, this action was brought against the sureties on the undertaking given; only one of them having been served, namely, the appellant, Louis B. Mendham, who seeks to avoid his liability upon the plea that the judgment rendered in the replevin action was rendered without warrant of law, and without jurisdiction in the court to render it,—the point made being that the defendant in the replevin action, who was the plaintiff here, failed to serve a notice demanding a return of the property, as required by section 1725 of the Code of Civil Procedure. By referring to the opinion

denying the motion to set aside the judgment in the replevin action (McCobb v. Christiansen, 28 Misc. Rep. 119, 59 N. Y. Supp. 303), it will be seen that the question here sought to be raised was presented and disposed of. It was therein held, as stated in the headnote to the opinion, that:

> "Where replevin is brought by the owner of a chattel, and it is taken from the possession of the bailee for hired work upon it of less value than the chattel, judgment in favor of the latter may properly fix the value of the work, and provide that, if the sum be not collected, the chattel shall be delivered to the bailee; and this although he has not served upon the plaintiff any notice for a return of the chattel. Such an action is controlled by subdivision 2 of section 1727, and not by section 1725, of said Code."

It is unnecessary for us to decide this question again urged by appellant, or to adopt the conclusion reached by the learned appellate term, further than to consider its binding force and effect. The appellant was a surety on the bond, and therefore bound by the judgment against his principal. This, of course, involves the idea that the judgment was a valid and binding one, and does not destroy or take away the right of the surety to assail the validity of the judgment for want of jurisdiction in the court that rendered it. We do not think, however, that the question as to whether a notice was or was not served under section 1725 is a jurisdictional one. In Brown on Jurisdiction (section 1a) it is said:

> "Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases,—not the principal case before it, but, rather, the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist, and may be developed during the trial."

And in the footnote the same author quotes from a decision the rule as follows:

> "Jurisdiction of the subject-matter is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case arising, or which is claimed to have arisen, under that general question."

In the replevin action, the court assuming to render judgment had undoubted jurisdiction over the parties and the subject-matter; and the form of the judgment, depending upon the proof offered, was for the determination of the court, and any error in its form, or in the relief accorded, could only be corrected upon appeal. Having, however, been affirmed, and the defect now pointed out not being, in our opinion, jurisdictional, we do not think that a surety can attack collaterally a judgment binding upon his principals. Harrison v. Clark, 87 N. Y. 572; Casoni v. Jerome, 58 N. Y. 315, 322. In other words, the defendant here bound himself as surety in an undertaking in replevin given in the case of McCobb v. Christiansen; and, the judgment therein rendered being valid and binding against the plaintiff therein, it is valid and binding against her surety.

The order should be affirmed, with costs. All concur.