(101 App. Div. 82)

LEVY v. HOHWEISNER et al.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. MUNICIPAL COURT—REPLEVIN—RETURN OF CHATTEL—JUDGMENT.

Municipal Court Act, § 117 (Laws 1902, p. 1528, c. 580), provides that, where a chattel has been replevined, and defendant has not required its return pending suit, he may, in his answer, demand judgment for such return with or without damages; and section 123 declares that, if the defendant has demanded judgment for return of the chattel replevined and afterwards delivered to the plaintiff, etc., final judgment in the defendant's favor must award him possession, etc. *Held*, that in the absence of a plea requiring the return of a chattel replevined in Municipal Court, and any proof that defendants had required a return thereof, a final judgment for defendants could not award them possession.

2. SAME—APPEAL—JUDGMENTS—MODIFICATION.

Where, in replevin in the Municipal Court, a judgment in favor of defendants erroneously awarded them possession of the chattel, it might be properly modified by striking out such provision on appeal, as authorized by Municipal Court Act, § 310 (Laws 1902, p. 1578, c. 580).

3. SAME—TITLE IN THIRD PERSON.

Where defendants in replevin in the Municipal Court filed an answer alleging title in a third person, they were entitled to offer evidence thereof, and to call the person so alleged to have title as a witness irrespective of the fact that the latter had not availed himself of Municipal Court Act, § 115a (Laws 1903, p. 1016, c. 431), authorizing a person not a party to the action, claiming the right to the possession of the chattel, to obtain an order permitting him to appear and defend.

4. SAME—STATUTES.

Municipal Court Act, § 117 (Laws 1902, p. 1528, c. 580), providing that where a chattel has been replevined, and the defendant has not required its return pending the action, he may demand judgment for such return in his answer, is not limited by section 115a (Laws 1903, p. 1016, c. 431), providing that where title is in a third person the latter may appear and become a party to the action.

5. SAME—SUBSEQUENT ACTION.

Where defendants in replevin pleaded title in a third person, their omission to pray judgment for a return did not preclude them from maintaining a subsequent action to regain possession of the chattel, subordinate to the title of such third person.

Appeal from Municipal Court.

Action by Julius Levy against George Hohweisner and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Louis Burstein, for appellant.

M. H. Newman, for respondents.

JENKS, J. We think that in the absence of the plea authorized by section 117 of the Municipal Court act (Laws 1902, p. 1528, c. 580) and of any proof that the defendants had required a return of the chattel, the final judgment in this action cannot award possession of the chattel to the defendants (section 123, Id.). The judgment, however, may be modified on this appeal. Section 310, Id.; Christiansen v. Mendham, 45 App. Div. 554, 61 N. Y. Supp. 326;

Fitzhugh v. Wiman, 9 N. Y. 559. The defendants, under their answer of title in a third person, were entitled to offer evidence of the title of Walker, and consequently to call Walker as a witness, irrespective of the fact that Walker had not availed himself of the provisions of section 115a of the Municipal Court act (Laws 1903, p. 1016, c. 431), for that section, in our opinion, does not affect or limit section 117. The omission of the defendants to pray judgment for a return does not preclude them from any subsequent action to regain possession thereof, of course subordinate to the title of Walker. Brady v. Beadleston, 62 Hun, 548, 17 N. Y. Supp. 42: Shepherd v. Moodhe, 8 Misc. Rep. 607, 29 N. Y. Supp. 392.

The judgment should be modified so as to be for the defendants on the merits, with $15 costs, and, as modified, it should be affirmed, without costs. All concur.