## DUNN v. FIELD.

### (Supreme Court, Appellate Term. December 16, 1908.)

1. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—REPLEVIN—JUDGMENT.
   In an action in the Municipal Court to recover chattels, a judgment for plaintiff should award him the possession of the chattels, and, if delivery thereof cannot be made, then for their value, under Municipal Court Act (Laws 1902, p. 1530, c. 580), § 123, relating to final judgments in such actions, and should not award merely a specified sum.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—REPLEVIN—JUDGMENT
   —CORRECTION ON APPEAL.
   A Municipal Court judgment in replevin which erroneously awarded plaintiff a specified sum instead of the possession of the chattels, or their value in the alternative, may be corrected on appeal.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Nini Dunn against Catherine Field. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Charles M. MacLaren, for appellant.

Cheney, Schenck & Stockell (Reginald H. Schenck, of counsel), for respondent.

GIEGERICH, J. The action is to recover a chattel. The pleadings were oral and the answer a general denial.

The defendant urges that there is no evidence of a demand of the trunk in suit, together with its contents but an examination of the record discloses that the point is not well taken. On the contrary, there was sufficient evidence to warrant the finding, which the judgment implies, that a demand was made therefor.

The defendant contends, furthermore, that no proper evidence of value of the chattels was adduced upon the trial; but it appears upon examination of the return "that the value of the various articles as are set forth in the bill of particulars" was conceded upon the trial by the counsel who then represented the defendant. The action being one to recover a chattel, the judgment for the plaintiff should have awarded him the possession of the chattels, or their value in the alternative (Municipal Court Act [Laws 1902, p. 1530, c. 580], § 123), instead of a specified sum. This, however, is an irregularity which

may be cured by modification on appeal. Wolf v. Farley (Com. Pl.) 16 N. Y. Supp. 168; Lewin v. Towbin, 31 Misc. Rep. 780, 65 N. Y. Supp. 228; Levy v. Hohweisner, 101 App. Div. 82, 91 N. Y. Supp. 552. It does not appear that damages were sought for the detention of the chattels.

The judgment appealed from should, therefore, be modified by providing that the plaintiff recover possession of the chattels in suit, and, if delivery thereof cannot be made, then for the sum of $75, the value thereof, with $14.67 costs, and, as so modified, affirmed, without costs. All concur.