### MENDEL et al. v. HERLING.

(Supreme Court, Appellate Term. May 7, 1909.)

COURTS (§ 189*)—MUNICIPAL COURTS—REPLEVIN—JUDGMENT—SPECIAL PROPERTY IN CHATTEL.

Under Municipal Court Act (Laws 1902, p. 1530, c. 580) § 123, providing that final judgment for defendant must award to him the sum fixed, under section 120 where he has a special property in the chattel less than its full value, and, if it is not collected, the delivery of the chattel sued for, the owner of horses boarded in defendant's stable having recovered them in replevin, and the justice having awarded defendant the amount of his claim for boarding the horses, the judgment should contain a provision that, if the amount awarded could not be collected, then the property replevied should be delivered to defendant's possession until the sum so awarded was collected or paid.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Mendel and another against Elizabeth Herling, as administratrix of the estate of John Herling, Jr., deceased. From a Municipal Court judgment for defendant on a counterclaim, plaintiffs appeal. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Charles Tolleris, for appellants.
Lester W. Eisenberg, for respondent.

PER CURIAM. This is an action in replevin. Plaintiffs boarded their horses in defendant's stable, where they had an account. Upon desiring to move to another stable, defendant refused to deliver up the property, although plaintiffs alleged that they tendered the full amount of the bill due. Defendant now claims a greater amount than that tendered. Plaintiffs recovered possession of the chattels, and upon the trial of this action the justice rendered judgment in favor of the defendant for $239.

Although the amount is warranted by the evidence, the judgment is not in the form required by section 123 of the Municipal Court act (Laws 1902, p. 1530, c. 580), which requires that:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Final judgment in favor of the defendant must award to him the sum fixed as therein specified [section 120], and, if it is not collected, the delivery of the chattel. * * *"

The judgment must therefore be modified, so as to conform to the requirements, and, as so modified, it is affirmed. Dunn v. Field (Sup.) 113 N. Y. Supp. 485.

Judgment modified, by directing that it contain a provision that, in case the amount awarded to the defendant cannot be collected, then the property replevied shall be delivered to the possession of the defendant until the sum so awarded be collected or paid, and, as modified, affirmed, with costs.