Appellant, having purchased a motor vehicle in Tennessee from Memphis Supply, Inc., a Tennessee corporation, upon a conditional bill of sale, rescinded the sale, after having brought the vehicle to New York, on the ground that the vendor" had misrepresented the year of the manufacture of the vehicle as being 1945 when in fact it was 1941. Appellant then instituted action in New York against the seller to recover the sum of $3,250, which was the purchase price. Jurisdiction over the seller was based upon a warrant of attachment upon the vehicle. The vendor did not appear in the action. In the meantime, the seller had assigned the contract on the very day of its making to the respondent, a finance company, and also a Tennessee corporation. When appellant failed to make further payment as required by the terms of the contract, respondent brought action, also in New York, in replevin against the sheriff who had executed the warrant of attachment, and against the company with which the sheriff had stored the vehicle. This second action was commenced by writ of replevin, pursuant to which the same sheriff turned the vehicle over into the possession of the respondent. ’ Appellant was permitted to intervene in this latter action, and interposed an answer which included a defense and setoff, based upon the same claim as was set forth in appellant’s action against the vendor, and a demand for judgment dismissing the complaint and for the sum of $3,250. The two actions were then consolidated and, after trial, judgment was entered dismissing appellant’s complaint on the ground of lack of jurisdiction over the vendor; vacating the order of attachment; ádjudging respondent to be entitled to the possession, of the vehicle; and dismissing appellant’s “counterclaim”. Judgment modified‘ ■m the law and the facts, by inserting in the second decretal paragraph, between the words “is” and “entitled”, the word “not”; and, immediately before the words “ and that the counterclaim ”, the following: “ that the complaint of the plaintiff Murdock Acceptance Corporation is hereby dismissed.” As so ^'modified, the judgment is affirmed, without costs. In view of the fact that the vendor no longer had any title in the vehicle at the time of the attachment^ jurisdiction was not acquired over it. However, that did not affect appellants fc/glaim as a defendant in rls'pbnSent’s action. The parties have invoked provisions of the New York Personal Property Law upon this appeal. The pertinent provisions of that statute (§§ 134, 150) are akin to those of the State of Tennessee (see Laws of Tennessee of 1919, ch. 118, §§ 3670a64, 3670a80; Code of Tennessee, 1932, §§ 7246, 7262), the respective statutes of each State being adoptions of the Uniform Sales Act. The evidence shows that appellant established a valid.lien on the vehicle, pursuant to such statutes, which affords a buyer a lien on the subject goods if it elect to rescind for breach of warranty *899 by the seller. The lien is no less valid as a defense merely because the action in replevin was brought by the vendor’s assignee. (American Guild V. Damon, 186 H. Y. 360, 364; Rapps V. Gottlieb, 142 H. Y. 164; Hill v. Hoole, 116 H. Y. 299, 302; Briggs V. Langford, 107 H. Y. 680; Crane v. Turner, 67 1ST. Y. 437; Sherwood v. Finche Co., 196 App. Div. 97.) Heverthless, we are unable to grant appellant any affirmative relief in view of its failure to demand that it be awarded possession of the vehicle, and its failure, to establish a case of conversion. (See Civ Prac. Act, §§ 1119, 1124; Hoffman v. Hoffman, 266 App. Div. 724; Levy V. Hohweisner, 101 App. Div. 82; Angel v. Hollister, 38 H. Y. 378; Yates v. Fassett, 5 Denio 21; Brady v. Beadleston, 62 Hun 548, and Shepherd v. Moodhe, 8 Mise. 607.) However, the holdings of authorities just cited do not bar appellant from instituting any new action of which it may be advised with respect to repossession or damages. Adel, Wenzel and Mae-Crate, JJ., concur; Johnston, Acting P. J., concurs except as to the modification of the second decretal paragraph of the judgment and in lieu of such modification votes to modify said paragraph by awarding possession of the truck to Murdock, subject to the repayment by Murdock to Railroad of the sum of $1,625, paid on account of the purchase price, pursuant to the Personal Property Law (§ 150, subd. 1, par. [d]; subd. 4) — with the following memorandum: If Memphis were the respondent here, that would be the equitable solution. Murdock should not be in any better position than Memphis. Murdock should seek repayment of the $1,625 from Memphis. Sneed, J., dissents, with the following memorandum: I dissent and vote to reverse and remit the ease to the trial court for a finding in the replevin action of the amount of damage, if any, sustained by Railroad Waterproofing Corp. by reason of the breach of warranty by the original conditional sale vendor, Memphis Supply, Inc., that the vehicle was a 1945 model when, in fact, it was a 1941 model. In the replevin action the plaintiff Murdock Acceptance Corporation, the assignee of Memphis Supply, Inc., is the “seller” within the meaning and definition of the Uniform Conditional Sales Law. (Personal Property Law, § 61; Manhattan Taxi Service Corp. v. Checker Cab Mfg. Corp., 253 N. Y. 455; Kaufman V. Simons Motor Sales Co., 261 N. Y. 146.) In the case of a conditional sale where the seller seeks to reclaim the goods by means of an action of replevin, the buyer may defend by pleading a breach of warranty by way of recoupment in diminution or extinction of the price. (Reuser V. Marsh, 218 N. Y. 505, affg. 167 App. Div. 604.) In that replevin action the court of Appeals (Willard Bartlett, Ch. J., pp. 508-509) wrote: “It is obviously to the interest of both parties to a contract of conditional sale like that in suit here to have their respective claims adjusted and determined in one law suit; and we think that the legislative intent to permit this to be done is discoverable in the language of the statute — whether the seller sues for the purchase price or sues to recover back the goods.” [See post, p. 951.]